| | |
|---|---|
| 31 | 585 |
| 79 | 378 |
| 31 | 585 |
| 81 | 77 |
| 81 | 79 |
| 31 | 585 |
| 84 | 125 |
| 31 | 585 |
| 90 | 531 |
| 31 | 585 |
| 95 | 470 |
| 31 | 585 |
| 101 | 273 |
| 31 | 585 |
| 107 | 204 |
| 31 | 585 |
| 125 | 577 |
| 31 | 585 |
| 132 | 246 |

# THE CITY AND COUNTY OF SAN FRANCISCO *v.* DAVID CALDERWOOD *et als.*

DEDICATION OF EASEMENT.—The passage of an ordinance by the Common Council of a city, setting apart and dedicating a portion of the waterfront in its harbor for public use as a free public dock for ships, is a mere offer to dedicate, and the dedication is not complete, nor does the public acquire any right to the easement, until it has been accepted and used by the public in the manner intended.

IDEM.—Such offer to dedicate cannot be accepted by the public in advance of the time of making the offer.

EASEMENT NOT AN ESTATE IN LAND.—The dedication of a portion of the waterfront of a city, in its harbor, for public use as a free public dock for ships, gives the public only an easement, and not any estate in the land; and the right to enter upon and possess the space dedicated, subject to the easement, remains in the grantor of the same.

IDEM.—The grantee of an easement has no right of entry upon, nor has he any right to possess the land as such. The fee of the soil and right of entry remain in the grantor subject to the easement.

EASEMENT.—The grant to the public of a right to the use of a portion of the waterfront of a city for a free public dock for ships, is the grant of an easement.

RENTS OF LAND ON WHICH EASEMENT IS IMPOSED.—The owner of an easement is not entitled by reason of such ownership to a participation in the rents and profits arising from the land on which the easement is imposed.

DIFFERENT EASEMENTS.—There is no distinction between an easement upon land covered with water and one upon land not so covered.

LIMITATIONS—LAND SUBJECT TO EASEMENT.—The fact that an easement has been created upon land, or that an offer of an easement has been made, but not accepted, does not prevent the Statute of Limitations from being set in motion and running in favor of one who enters upon and claims the soil upon which the easement has been imposed adversely to the grantor of the easement.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

74

The City of San Francisco acquired the demanded premises by a grant from the State of California, made in 1851, by an Act of the Legislature entitled "An Act to provide for the disposition of certain property of the State of California." The defendants appealed.

The other facts are stated in the opinion of the Court.

*J. M. Seawell,* for Appellants. The defendants and their grantors are found to have been in possession adversely to plaintiff for more than five years before the commencement of the action. Plaintiff seeks to avoid the bar of the statute by proof that the premises were in 1852 dedicated to the public as a free dock. The premises were never used as a public dock, and the dedication was never accepted by the public and never took effect. (Washburn on Easements, 132; *Green* v. *Chelsea,* 24 Pick. 71; and *State* v. *Trask,* 6 Vermt. 364.) Even if the dedication took effect, the public were only invested with an easement, and with nothing more than was necessary for its enjoyment. The plaintiff still had the right of possession, subject to the easement, and might have maintained ejectment. (2 Blackstone's Com. 18; Washburn on Easements, 159; *Jackson* v. *Hathaway,* 15 Johns. 452; *Corelyon* v. *Van Brundt,* 2 Johns. 357; *Pomeroy* v. *Mills,* 3 Vermt. 280; *Lade* v. *Shepherd,* 2 Strange, 1,004; *Goodtitle* v. *Alker,* 1 Burr, 143; *Perley* v. *Chandler,* 6 Mass. 453; *Adams* v. *Emerson,* 6 Pick. 57; *Read* v. *Leeds,* 19 Conn. 186; *Wager* v. *Troy Union R. R. Co.,* 25 Smith, N. Y. 526; *Coovert* v. *O'Conner,* 8 Watts, 470; *Heyneman* v. *Blake,* 19 Cal. 596.)

*John W. Dwinelle,* and *John H. Saunders,* for Respondent. One or two cases have been cited to the effect that a dedication to public use must not only be properly made, but also formally accepted by the public—and perhaps those cases may bear that interpretation, although we think not. But the doctrine contended for, if sustained by the cases cited, is only a remnant of that costiveness which doubted for a long time whether dedication had come into the United States as a part of the common law. (Washburn on Easements, 132, 133.)

But the doctrine is now well established that dedication may be shown by acts *in pais;* that its acceptance may be shown by *use* in the public ; that it may be presumed from the beneficial nature of the dedication ; that it may be made to a corporation not yet existing ; and that when so made, the proper authority to take charge of the easement is the public authority having charge of similar interests.   (Washburn on Easements, 132, 139, 142, 154, 128, 139, 156 ; *New Orleans* v. *The United States*, 10 Peters, 62.)   If this had been the case of a street, the municipal corporation would have been the proper party to protect the rights of the public, evidently on the principle that the proper authority to take charge of the easement is that public authority having charge of similar interests.   (*Trustees of Watertown* v. *Cowen*, 4 Paige, 510 ; *Commonwealth* v. *Alburger*, 1 Wharton, 469.)   The City of San Francisco, after dedicating the *locus in quo* as a public dock, had no right of entry, and consequently the Statute of Limitations did not run against it ; for the Statute of Limitations does not begin to run until there is a right of action, and the right of action is wholly dependent on the right of entry.   So that the remainder man or reversioner is not barred by adverse' possession against the holder of the particular estate ; the ultimate feoffee under a power of appointment is not barred by adverse possession against the intermediate estate ; and where a party holds under powers of appointment, successively limited and successively executed, he may be barred by adverse possession under the first appointment, and still recover under the second.   (Angel on Limitations, 384, Secs. 2 and 4—390, *391, 392, old edit. ; Ib., Sec. 369, 4th edit., and Sec. 371.)

By the Court, SHAFTER, J. :

This is an action of ejectment brought to recover the possession of " City Slip Lot No. 21."   It is found that the lot is one of the beach and water lots granted to the city by the State by the " Beach and Water Lot Act " of March 26th, 1851 ; and that the lot is included within the area described

in an ordinance passed by the Common Council of the City of San Francisco on the 4th of November, 1852. The ordinance is as follows: "All the space of land and water lying between Clay street and Sacramento street, and between Davis street and the deep water of the Bay, as laid down upon the public maps and plans of the city, is set apart and dedicated to the public use as a free public dock for ships and other vessels. Provided, notwithstanding, that nothing herein contained shall prevent the Common Council from amending, altering or annulling this grant." It is further found that this ordinance remained in force until the 14th day of March, 1864, when it was repealed by the Board of Supervisors of the city and county.

The defendant pleaded the Statute of Limitations, and all the facts essential to the defense were found by the Court.

The findings state as a conclusion of law "that between the passage of the ordinance of the Common Council of the City of San Francisco dedicating the premises in controversy to the public use, November 4th, 1852, and the passage of the ordinance of the Board of Supervisors of the City and County of San Francisco repealing said dedication of the 14th of March, 1864, and by reason of said first named ordinance, no right of entry in said premises existed in said City and County of San Francisco," and on the ground of this conclusion the special defense was overruled and judgment was entered for the plaintiff.

The only question to be considered is whether the right of entry was in the City of San Francisco, and the plaintiff, as its successor, from the passage of the ordinance of 1852 to its repeal in 1864. If the right was in the plaintiff and its predecessor during that interval, then the defendant was entitled to judgment; otherwise the judgment is right as it stands.

First—The ordinance of 1852 did not, in itself considered, deprive the City of San Francisco of any right incident to the title acquired from the State by the grant of 1851. The ordinance was not a dedication, but an offer to dedicate, by which the city could lose nothing and the public could acquire noth-

ing until the offer should have been accepted.   The doctrine upon this point is so well settled as to leave neither encouragement nor chance for discussion.   (Washburn on Easements, 132, and cases there cited.)   It was considered in *Harding* v. *Jasper*, 14 Cal. 647, that "if the soil be accepted and used by the public in the manner intended by the owner, the dedication is complete—precluding the owner and all claiming in his right from asserting any ownership inconsistent with such use."   Now the Court has not found nor was there any evidence tending to prove that any portion of the area covered by the ordinance of 1852 was ever used by the public "in the manner intended by the owner," that is, as a public dock.   It is insisted, however, for the plaintiff, that the dedication or offer to give "was accepted beforehand by the State," and reference is made to the Laws of 1851, p. 361, Sec. 13.   In the first place it is impossible to accept a gift in advance of an offer to make one; and in the second place, the citation does not show that the thing was either achieved or attempted by the Legislature in 1851.

Second—But should it be admitted that the dedication was perfected by the mere passage of the ordinance, the right to enter upon and possess the lot, subject to the easement, would remain in the city nevertheless.   The public took nothing but an easement, and that term excludes the idea of an estate in the land on which the servitude was imposed.   The grantee of an easement has no right of entry upon, nor has he any right to possess the land, as such.   In this case the fee of the soil and the right of entry and possession remained in the city from the passage to the repeal of the ordinance in 1864.   It is unnecessary to go into an extended examination of the cases upon this subject.   The rule is distinctly stated in Washburn on Easements, page 8; and it is fully sustained by the authority cited.   The general question was before us in *Wood* v. *Truckee Turnpike Company*, 24 Cal. 487, and it was considered that "a way is an easement and consists in the right of passing over another man's ground.   It is an incorporeal hereditament; a servitude imposed upon corporeal property and not

a part of it.    It gives no right to possess the land upon which it is imposed, but a right merely to the party in whom the way is vested to enjoy the way.    Neither is it considered that the owner of the way is entitled by reason of such ownership, to a participation in the rents and profits arising from the land upon which the easement is imposed.    A deed of a way or right of way would pass to the grantee no title to or interest in the land."    (See *Bead* v. *Leeds*, 19 Conn. 186.)    But it is urged that in the case of *McCracken* v. *San Francisco*, 16 Cal. 620, the Court, in passing upon the effect of the ordinance in question, held that, "while it remained in force no sale of the city slip property could legally be had."    That case raised the question of the effect of the ordinance upon the power of the city to make a perfect title to the plaintiff as the purchaser of a city slip lot, and the Court decided the point adversely to the power.    The question presented in the case at bar is as to the effect of the ordinance, or more largely stated, as to the effect of an easement to divest the owner of the land upon which the easement is imposed, of the right to enter upon and possess the land.    The questions are intrinsically different, and there can be no reasoning from one to the other.    If the owner of land subject to an easement, cannot pass a perfect title to a purchaser, it certainly does not follow that he cannot have a right of entry upon the land.

The distinction suggested, rather than asserted in argument, between an easement upon land covered by water and upon land not so covered, cannot, as we conceive, be sustained upon principle, and no case is referred to as supporting it.    The distinction certainly does not consist with *Covert* v. *O'Conner*, 8 Watts, 470.

Reliance is also placed by appellant upon *People* v. *Davidson*, 30 Cal. 379.    We held in that case, if a person without authority should build a wharf or any other structure outside of the water front, on soil belonging to the State, and upon which it had a right of entry, that the State could bring ejectment.    We do no more here than decide that the owners of

property inside the water front are entitled to the benefit of the rule.

Judgment reversed, and the Court below is directed to enter judgment on the findings for defendant.

SAWYER, J., concurring specially :

I concur in the judgment on the second ground discussed in the opinion.