[No. 4342.]

## THE CITY AND COUNTY OF SAN FRANCISCO-v. THOMAS SULLIVAN ET AL.

EJECTMENT FOR STREETS.—A municipal corporation may maintain ejectment to recover possession of streets which it owns, and is entitled to possess, subject to the right of citizens to pass and repass as an open highway.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

Ejectment to recover a portion of the street mentioned in the opinion, upon which, it was alleged, the defendants had entered, and from which they had excluded all other persons. The defendants demurred, because the complaint did not state facts sufficient to constitute a cause of action. The court overruled the demurrer. The plaintiffs recovered judgment, and the defendants appealed.

The other facts are stated in the opinion.

*S. W. Holladay and S. L. Lupton,* for the Appellants.

Aside from written authority on the point, it would seem a little strange, if it were admissible, to remove the defendants from their houses situated on the demanded premises, as asked in the complaint, and "to deliver up to plaintiff the possession of said premises;" for if it be, as alleged, "a public street, for all the citizens of the State of California to pass and repass upon as an open public street," it is difficult to perceive how that privilege to all the citizens would be promoted by taking away the possession from defendants and giving it to the plaintiff, as prayed for in the complaint.   The leading case on this point is *Cincinnati* v. *White,* 6 Peters, 431.

In this case of *Cincinnati* v. *White,* as in the case at bar, White claimed the legal title to be in himself.   The city claimed that the land had been dedicated as public ground for the use of all the inhabitants.   Judgment in the court below was rendered, on the verdict of a jury, for plaintiff. The United States Supreme Court reversed the judgment.

"This is a possessory action (says the court), and the plaintiff, to entitle himself to recover, must have the right of possession; and whatever takes away this right of possession will deprive him of the remedy by ejectment.

"This is the rule laid down by Lord Mansfield in *Atkins* v. *Horde* (1 Burrow, 119):   An ejectment, says he, is only competent where the plaintiff may enter, and every plaintiff in ejectment must show a right of possession as well as of property."

*W. C. Burnett,* for the Respondent, cited Dillon on Municipal Corporations, Sec. 523.   As to market ground: *Dummer* v. *Jersey City,* 1 Spencer (20 N. J.), 86.   As to public square: *City of Winona* v. *Huff,* 11 Minn. 119; *M. E. Church* v. *Hoboken,* 33 N. J. Law, 13.   As to school lots: *Klinkener* v. *School District,* 1 Jones (11 Pa. Stat.), 444. As to church ground: *Hannibal* v. *Draper,* 15 Mo. 634.   As to town commons: *Commissioners* v. *Boyd,* 1 Iredell (N. C.) Law R. 194.   As to streets: *Savannah* v. *Steamboat Company,* R. M. Charlton's Geo. R. 342; and the argument of Charles O'Conor, in *Wetmore* v. *Story,* 22 Barb. R. 439, 440.

He also argued as follows:

The allegation of ownership is not a statement of an impossible or improbable fact. The city and county of San Francisco is, and every since its organization has been, capable of acquiring and holding title to lands—"may purchase, receive, hold, and enjoy, real and personal property," etc. (Consolidation Act, Sec. 1, Stats. of 1857, p. 209.) And has the power and duty to maintain and protect the streets conferred upon it by the fourth article of the Consolidation Act, at page 156 of the Statutes of 1856, and as amended from time to time, and as finally to be found in Statutes of 1871–2, page 804, etc.

Whenever a right of entry exists, and the interest is tangible, so that possession can be delivered, ejectment will lie for it. (*Jackson* v. *Buel*, 9 Johns. 298.)

By the COURT:

1. All the questions made by the appellant here were considered and determined by us in the case of *Hoadley* v. *San Francisco*, ante, p. 265, except the question now made as to the right of the city to maintain ejectment to recover land reserved by her for the purposes of a public street, under the provisions of the Van Ness Ordinance, and the legislative acts confirmatory thereof.

2. The question made as to the right of the city to maintain the action was made in the court below upon demurrer to the amended complaint. The amended complaint upon this point alleges as follows: "That a street commonly known as West Mission street, including the premises hereinafter mentioned, for sixteen years and upwards last past, has been, and is, a public street of the city and county of San Francisco, for all of the citizens of the State of California to pass and repass upon as an open public street and highway, at their pleasure. That subject to the right of said citizens to pass and repass as aforesaid, over and upon said lands, the city and county of San Francisco is the owner, and entitled to the possession thereof, for sixteen years and upwards last past." The demurrer was correctly overruled. We are of opinion that the force of the allega-

tion that the plaintiff here is the owner, and entitled to the possession of the premises sued for, is not impaired, or affected by the further allegation that the public have an easement therein as a public street, with a right in them to pass and repass over it at pleasure as such a public street. The existence and enjoyment of the easement is entirely compatible with the seizin of the plaintiff as being the owner of the fee. The plaintiff is a municipal corporation, and charged as such with the preservation and maintenance of the easement referred to, and a right of entry in the city is not only consistent with the existence of the easement, but necessary for its preservation.

Judge Dillon, in his work on Municipal Corporations, has collected many of the authorities on this question, and their general result is given by him as follows: "A municipal corporation, entitled to the possession and control of streets and public places, may, in *its corporate name*, recover the same *in ejectment*. Where it possesses the fee, although in trust for public uses, there are no technical obstacles in the way of maintaining such an action against the adjoining proprietor, or whoever may wrongfully intrude upon, occupy, or detain the property. But where the adjoining proprietor retains the fee, the courts have overcome the technical difficulty by regarding the right to the possession, use, and control of the property by the municipality, as a legal and not a mere equitable right." (2 Dillon on Municipal Corporations, 629.)

Judgment and order denying a new trial affirmed.