THE CITY OF CALIFORNIA v. HOWARD, *Plaintiff in Error.*

1. **Dedication to Public Use.** The plat in evidence in this case examined and *Held* to amount to a dedication of certain parcels of land to public use.

2. **Ejectment:** FOR PUBLIC STREET. A city invested by law with the title in fee and the right and control over all public streets, may maintain ejectment for land dedicated for a street.

*Error to Moniteau Circuit Court.*—HON. E. L. EDWARDS, Judge.                                                    )

AFFIRMED.

The following was the plat offered in evidence.

*Moore & Williams* for plaintiff in error.

*L. F. Wood* and *Draffen & Williams* for defendant in error, cited *Hanson v. Eastman,* 21 Minn. 509; *Rowan v. Portland,* 8 B. Mon. 239; *Memphis, etc., Packet Co. v. Gray,* 9 Bush 146.

HOUGH, C. J.—This is an action of ejectment to recover possession of a certain parcel of ground lying within the corporate limits of the city of California, and claimed by the city to have been dedicated by the owners thereof to public use.

It appears from a plat offered in evidence, the original of which was duly deposited with the recorder of the county in 1854, by the defendant and one Smith, that an addition to the then "town of California" was laid out on ground lying on both sides of the track of the Pacific railroad, which, at this point runs nearly east and west, which addition was subdivided into blocks and lots, with streets and alleys, and that an open space, not divided into lots, extending perhaps 1,200 feet east and west through the entire addition, was left on either side of and adjoining said railroad track, and between the lots in said addition. We infer from the testimony that the portion of this open space lying on the south side of the track is about 130 feet wide, north and south, and that on the north side is about 80 feet wide, north and south. The parcel sued for is part of the strip on the south side. It further appears from the plat that there are fifteen lots on the north side, and the same number on the south side, abutting upon this open space, and that those on the south side are otherwise inaccessible save by an alley in the rear thereof. Four streets running north and south through the subdivided portion of the addition on the north and the subdivided portion of said addition on the south, connect with said open space, and in connection with it form straight and continuous avenues

*1. DEDICATION TO PUBLIC USE.*

from the northern to the southern boundary of said addition, and so far as this plat shows, there is no means of going from the north to the south side of said addition along said streets, without crossing said open space. No writing or other mark appears upon the open space mentioned, expressive of the object of the proprietors in leaving it open and undivided. The names of the streets appear in the spaces intended for streets, in the part of the addition north of the railroad, and the designation "street" appears in similar spaces in that part of said addition which is south of the railroad, showing conclusively, we think, that the purpose of the proprietors was to make these streets continuous.

The circuit court held that the facts appearing from the face of the plat constituted a dedication of said open space to public use, and refused to hear oral testimony showing a different intention on the part of the proprietors who filed the plat. We are of opinion that the facts stated are sufficient to constitute a dedication to public use for the purposes of a highway or a common, and that the circuit court committed no error in its ruling.

It is objected by the defendant that the city has no such interest in the premises in controversy as will entitle it to maintain this action. The act of 1845, under which the plat was filed, vested the fee of all the lands dedicated to public use, in the county. The act incorporating the plaintiff, includes the addition of Howard & Smith within its corporate limits, and confers upon it "the right and control over all public streets, public grounds (and) public buildings within the corporate limits." Acts 1857, p. 364, § 5. In such cases the right of use and control is regarded as a legal and not a mere equitable right. 2 Dillon Munic. Corp., (3 Ed.) § 662; *City of Hannibal v. Draper*, 15 Mo. 634; *M. E. Church v. Hoboken*, 33 N. J. L. 13.

*2. EJECTMENT: for public street.*

The judgment of the circuit court is affirmed. All concur.