[No. 9,441. Department One. — July 26, 1884.]

# CITY OF VISALIA, APPELLANT, v. ELIAS JACOB, RESPONDENT.

ADVERSE POSSESSION — PUBLIC STREET — DEDICATION. — A private citizen cannot acquire title by adverse possession to land which has been dedicated to public use as a street.

APPEAL from a judgment of the Superior Court of the county of Tulare.

The action was ejectment for a portion of a public street in the city of Visalia. A demurrer to the complaint was sustained. Plaintiff declined to amend, and judgment was rendered for defendant.

The facts appear in the opinion of the court.

*A. J. Atwell,* for Appellant. The Statute of Limitations does not apply to this case. (*Grogan* v. *Town of Hayward,* 6 Sawy. 498 ; *Hoadley* v. *San Francisco,* 50 Cal. 265 ; *People* v. *Pope,* 53 Cal. 437.)

*Oregon Sanders,* for Respondent. The action is barred by the Statute of Limitations. (Code Civ. Proc. §§ 318, 319 ; Woods Limitations, p. 93 ; Washburn Easements, p. 8 ; *San Francisco* v. *Calderwood,* 31 Cal. 589.)

The COURT. — The action is to recover the possession of certain lands, and was commenced November 24, 1883. The complaint avers that plaintiff, on the 27th day of February, 1874, was seized in fee of "all that part of Centre Street (describing it), and ever since that time has been, and still is, seized of and

entitled to the possession of said land, *the same being a portion of a public street* duly laid out and dedicated to the public use." That on the 28th of February, 1874, defendant entered into possession of the demanded premises, and thence hitherto has withheld, and still unlawfully withholds, the possession thereof, etc.

Defendant demurred on the ground that the complaint showed the cause of action was barred by the Statute of Limitations. Defendant also demurred specially that the complaint was ambiguous, unintelligible, and uncertain, in that it did not appear therefrom when the lands were laid out and dedicated as a public street. Defendant also demurred generally. The court below sustained the demurrers, and plaintiff declining to amend, a judgment was entered in favor of defendant, from which plaintiff appeals.

If, construing the complaint more strongly against the pleader, it only shows that the street was dedicated at *some time* before the action was commenced, the judgment or order upon the special demurrers was proper. So construing the complaint, it would not appear but defendant had adverse possession for more than five years before the lands were dedicated as a public street. But aside from the fact that lands actually possessed adversely cannot be dedicated to the use of the public by their owner, the language of the complaint plainly avows that the lands were a public street, laid out and dedicated as such, from the 27th of February, 1874. The rule that an averment is to be taken more strongly against a pleader, does not authorize the courts to deprive language of its ordinary signification.

It is urged by respondent, that the fact that the lands were dedicated as a *street* does not deprive the defendant of the benefit of his five years' adverse possession.

An occupation and obstruction of a public street is a *nuisance*, and every continuance of that which was originally a nuisance the law considers a new nuisance, to abate which an action may be brought on behalf of the public, or by a private person specially injured. As against such an action, no one can acquire a defense by adverse occupation. It was so held with reference to a street over lands *not* included within those covered by the Van Ness ordinance in San Francisco. (*The People* v. *Pope*, 53

Cal. 437.) It is true an action of ejectment may be maintained by a municipal corporation for the recovery of the possession of a street wrongfully possessed by an individual, whether the corporation owns the *fee*, or the adjoining proprietor retains it. In the latter case the right of the municipality to regulate the public use, and, for that purpose, to possess, use, and control the property, is treated by the courts as a legal, and not merely an equitable right. (Dillon Municipal Corp. 3d ed. § 662; *San Francisco* v. *Sullivan*, 50 Cal. 603.) But it does not follow that such an action is barred by an adverse possession for a statutory period. In *San Francisco* v. *Calderwood*, 31 Cal. 589, it seems to have been held that the ejectment would be barred. But in that case it was found that the "slip" had never been dedicated to the public use. In *Hoadley* v. *San Francisco*, 50 Cal. 275, it was held that as to land granted to the city by certain acts of Congress, and the State Legislature, in trust for the public, private persons cannot acquire the right to it by adverse possession. The land there in controversy was "pueblo" land, within the operation of the Van Ness ordinance, etc. But the rule laid down seems to have been understood as applicable to all streets. (*People* v. *Pope, supra*.) After a street has been legally laid out and dedicated, the municipal government retains, or acquires, a right of entry as agent of the public, clothed with the trust and duty of protecting and regulating the public use. The right of possession is held by the corporation for the benefit of the public, and this right cannot be conveyed to any private person. The lands so held are as effectually withdrawn from commerce while the street continues, as are those spoken of in *Hoadley* v. *San Francisco*. As the municipality cannot convey the title, or relieve itself of the trust, private persons are virtually precluded from acquiring it.

Judgment reversed and cause remanded, with directions to the court to overrule the demurrers to the complaint.