[No. 12832.  In Bank. — June 1, 1889.]

# COUNTY OF YOLO, RESPONDENT, v. MARGARET BARNEY, APPELLANT.

COUNTY HOSPITAL — DEDICATION OF LAND TO PUBLIC USE — RIGHT OF REVOCATION — ADVERSE POSSESSION — STATUTE OF LIMITATIONS — PUBLIC POLICY. — Land purchased by the board of supervisors of a county, and applied for the erection of a county hospital thereon, is dedicated to a public use, and there can be no adverse possession of any part thereof which can subject it to the operation of the statute of limitations. The fact that the county has a right to revoke or discontinue the use, or apply the land to another public use, or sell it in a statutory and limited way, cannot affect the dedication, or cause the statute of limitations to apply.

APPEAL from a judgment of the Superior Court of the county of Yolo, and from an order denying a new trial.

The facts are stated in the opinion.

*Thomas & Hurst*, for Appellant.

It is a general rule that the statute of limitations will run against a municipal corporation the same as against an individual. This is the rule independent of the statute. (Dillon on Municipal Corporations, secs. 529, 530; Wood on Limitations, sec. 53; Sedgwick and Wait's Land Title, sec. 753 a; *City of Cincinnati* v. *First Presbyterian Church*, 8 Ohio, 298; 32 Am. Dec. 720, note; Angell on

Limitations, sec. 38; *County of St. Charles* v. *Powell*, 22 Mo. 525.) It is conceded that as to streets, alleys, and squares dedicated to public use, the statute will not run in this state. But the rule is founded on the idea of an irrevocable dedication to public use; that the title is in the public, and cannot be conveyed by the municipality to private persons; that an obstruction on such land is a public nuisance, and that time cannot legalize a public nuisance. Therefore, it will not be presumed that private persons have acquired title to such land. (*Hoadley San Francisco*, 50 Cal. 275; *People* v. *Pope*, 53 Cal. 437; *Visalia* v. *Jacob*, 65 Cal. 436; 52 Am. Rep. 303; *Town of San Leandro* v. *Le Breton*, 72 Cal. 170.) But dedication to be good must be irrevocable, and property dedicated to public use cannot be sold. A reservation of the right to sell or to revoke defeats dedication. (*Breed* v. *Cunningham*, 2 Cal. 361; *San Francisco* v. *Canavan*, 42 Cal. 541; 3 Washburn on Real Property, 72; 2 Smith's Lead. Cas. 204, and note; *Sarpy* v. *Municipality*, 9 La. Ann. 597; 61 Am. Dec. 221; *Gall* v. *Cincinnati*, 18 Ohio St. 563.) A municipal corporation may take real estate in fee for public purpose, and in such case may remove the buildings erected for such public use, abandon that use, and sell the land. (*Beach* v. *Haynes*, 12 Vt. 15; *State* v. *Woodward*, 23 Vt. 92; Dillon on Municipal Corporations, 2d ed., sec. 436, note 2.) There is a plain distinction between a public use proper and a municipal use. (*Beach* v. *Haynes*, 12 Vt. 15; *State* v. *Woodward*, 23 Vt. 92; *Gall* v. *Cincinnati*, 18 Ohio St. 563; *Hoadley* v. *San Francisco*, 50 Cal. 265.)

*Frank S. Sprague*, and *F. E. Baker*, for Respondent.

Hospital buildings are public buildings. (Pol. Code, sec. 4046, subd. 9; Code Civ. Proc., secs. 1237, 1238.) The right to change or revoke a public use cannot affect its existence. (Pol. Code, secs. 2681, 2682; Code Civ. Proc., sec. 1240.) The statute of limitations will not run against

property dedicated to a public use. (*Hoadley* v. *San Francisco*, 50 Cal. 275; *People* v. *Pope*, 53 Cal. 437; *Visalia* v. *Jacob*, 65 Cal. 436; 52 Am. Rep. 303; *Town of San Leandro* v. *Le Breton*, 72 Cal. 170.)   To make dedication complete, no formal acceptance by the public is necessary. (*San Leandro* v. *Le Breton*, 72 Cal. 175.)

FOOTE, C. — This action was brought by the plaintiff to quiet its title to a piece of land claimed adversely by the defendant.   An answer and cross-complaint was filed by the latter, in which, after denying the right and title of the plaintiff, she claims title by continuous adverse possession for more than five years before the commencement of the action, and asks that the plaintiff be made to show its interest in the land, and that her title thereto be quieted.

The court found, among other things, that all the allegations of the complaint were true; that the defendant was not the owner of the land, although she had been in possession of it for more than five years; that her possession was not such as entitled her to obtain title through the statute of limitations; that the land had been long before her entry dedicated to a public use by the county of Yolo, and that the right to such public use had never been relinquished or abandoned.

And as conclusions of law, "that neither the defendant nor her grantors ever acquired any right, title, or interest in or to the land in controversy so dedicated to public use by their possession of the same; nor does the fact of such possession constitute a sufficient defense to this action."

Judgment was given quieting the plaintiff's title to the land, as against the defendant, and for costs.   From that and an order refusing a new trial the appeal is taken.

It is contended that the findings are not supported by the evidence, chiefly for the reason, as alleged, that the land was never dedicated to a public use, but was bought

by the county as a private individual would buy property, and was subject to be resold by the county, abandoned as to whatever use it might have been temporarily put, and subject like ordinary municipal or private property to be acquired by peaceable and continuous adverse possession under the statute of limitations of five years.

The facts in evidence show that the land was purchased by the county, acting through its *quasi* trustees, the board of supervisors, for the purpose of erecting thereon a county hospital, and using the land for purposes connected therewith.

The hospital had been established thereon for about eight years when the defendant's grantor took possession of and fenced the portion of the land in controversy, which up to that time had been uninclosed, and the defendant's possession by herself or grantors has been since that time, for about fifteen years, peaceable and continuous. A deed to the land was made to the plaintiff in 1863 by one Freeman, and duly recorded, and a quitclaim deed was also made from the same grantor to the defendant's grantor, one Sill, in 1867.

The whole controversy seems determinable by ascertaining whether or not the land was dedicated to a public use when the hospital was erected thereon. If it was dedicated to a public use, then, under the decision of the appellate court in *Hoadley* v. *San Francisco*, 50 Cal. 276, it could not be subjected to the operations of the statute of limitations. If it was not so dedicated, it would be subject, as lands ordinarily held by a municipality are, to the running of the statute. (*San Francisco* v. *Calderwood*, 31 Cal. 588; *Hoadley* v. *San Francisco, supra.*)

Was it devoted or dedicated to a public use? It was purchased for the purpose of building a county hospital on a portion of it, and using the balance of it for the necessities of the hospital. For eight years all the land was necessary for, and was used for, the purpose of maintaining the hospital before the defendant's entry and

possession. The hospital was not removed from the land until within about a year of the institution of this action.

The defendant contends that the dedication to a public use was never made, because, as she alleges, the county had the right of revoking the use of the land for county purposes, and that no dedication to a public use can be effectual unless it be irrevocable. The case of *San Francisco* v. *Canavan*, 42 Cal. 553, is cited as conclusive upon the point.

That case was not one in which the facts were as in this case, and we do not think that by the term "irrevocable," as there used, it was intended to say where a municipal corporation has devoted land to a public use that because it is within the power of that body to dispose of the land in some other way if it shall choose, the power of disposition being limited by statute, that such dedication to a public use can never be made.

The term "irrevocable," as it originally came to be used, was ordinarily applied to a private individual who had dedicated land to a public use in such a way that he had reserved no right to reclaim it. But in the case of a county which buys land for a public use, and devotes it to that purpose, we cannot see any reason to declare that the dedication is incomplete, because the county may have the power given by statute afterward to discontinue the use and apply the land to another public use or sell it in a statutory and limited way. (Pol. Code, sec. 4046, subd. 10.)

If this was the rule, then it might be applied to county roads, for the county may abandon the use of them, and the dedication may be said in that sense to be revocable. (Pol. Code, sec. 2681.) Yet such roads are dedicated to the public use, as well as streets in a city, and the statute of limitations will not run against it. (*People* v. *Pope*, 53 Cal. 450; *Visalia* v. *Jacob*, 65 Cal. 436; 52 Am. Rep. 303.)

The question then recurs, Did the board of super-visors, acting for the county, apply this land to a public use?

Hospital buildings are public buildings. (Pol. Code, sec. 4046, subd. 9.) If a public building be erected upon land belonging to the county by the proper authorities, and it be devoted to the uses necessary to the character of the building and the purpose for which it is erected, it would seem as if the land was dedicated or put to a public use.

Court-houses, jails, and hospitals are put upon the same footing by the statute, *supra*, are called " public buildings," and they are such to all intents and purposes. It will not do to say that the land on which they stand, or which is appurtenant and necessary thereto, is not dedicated to a public use. To hold otherwise would be to leave county jails, hospitals, court-houses, and other public buildings, and the ground on which they stand, at the mercy of careless or corrupt county officials, and rapacious trespassers in collusion, perhaps, with such officers. This is contrary to public policy.

Judge Dillon, in his work on municipal corporations (vol. 2, sec. 533, p. 674), says: "The author cannot consent to the doctrine that as respects public rights, municipal corporations are within ordinary limitation statutes. It is unsafe to recognize such a principle."

The appellate courts of Pennsylvania, New Jersey, Rhode Island, and Louisiana hold to this view, and it seems to have been approved by the supreme court of California in *Hoadley* v. *San Francisco, supra.*

As we understand the decisions of California, they place the non-running of the statute of limitations upon the ground that the public is in the use of the land, and that while in such use a trespasser may neither erect a nuisance thereon, nor acquire a right to hold the land based upon a supposed grant to the land from the owner. (*Hoadley* v. *San Francisco, supra; People* v. *Pope, supra.*)

In reference to dedications to public use, it was said by the supreme court of the United States in *City of Cincinnati* v. *White's Lessee*, 6 Pet. 440: "There is no particular form necessary in the dedication of land to public use. All that is required is the assent of the owner of the land, and the fact of its being used for the public purposes intended by the appropriation. This was the doctrine in the case of Jarvis and Dean, already referred to, with respect to a street, and the same rule must apply to all public dedications."

"The law applies to them rules adapted to the nature and circumstances of the case." (*City of Cincinnati* v. *White's Lessee*, 6 Pet. 434.)

"All public dedications must be considered with reference to the use for which they are made." (*City of Cincinnati* v. *White's Lessee*, 437.)

After diligent search, no case has been found in the books presenting the same state of facts as this record shows. We see no reason why the use of county land for court-houses, jails, county hospitals, and other public buildings may not be placed upon the same footing as being public places. Public policy requires that such protection should be given to public rights.

We therefore advise that the judgment and order be affirmed.

HAYNE, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.

Rehearing denied.