## CITY AND COUNTY OF SAN FRANCISCO v. GROTE.*

### S. F. No. 379; February 23, 1897.

#### 47 Pac. 938.

**Ejectment for Street.—A City cannot Maintain** ejectment for recovery of possession of a street dedicated to the public by user, without showing ownership in the fee.

APPEAL from Superior Court, City and County of San Francisco; A. A. Sanderson, Judge.

Action by the city and county of San Francisco against Ellen Grote. Judgment for plaintiff. Defendent appeals. Reversed.

T. Z. Blakeman for appellant; Harry T. Creswell for respondent.

HAYNES, C.—This is an action in ejectment, brought by the city and county of San Francisco against Ellen Grote to recover the possession, for street purposes, of a small strip of land alleged to be a portion of a public street, dedicated to the public as such. Said alleged street is known as "Garden avenue," and extends through a single block from Devisadero street to Broderick street, between Geary and Post streets, and its alleged width is twenty-five feet. Defendant's lot lies next to Broderick street, with its front on Geary, and has a depth of one hundred thirty-seven and one-half feet, and the demanded premises consists of a strip twelve and one-half feet wide across the rear end of her lot, and which, plaintiff contends, forms part of said street or avenue.

---

*For subsequent opinion in bank, see 120 Cal. 59, 65 Am. St. Rep. 155, 41 L. R. A. 335, 52 Pac. 127.

The action was tried by the court without a jury, and findings and judgment were for the plaintiff. The defendant appeals from the judgment, and the facts are brought up by a bill of exceptions.

The record presents three questions: (1) Does the evidence show a dedication of the strip of land in dispute to the use of the public for street purposes? (2) If there was such dedication, was there an abandonment of that portion of the street? (3) Can the city and county of San Francisco maintain ejectment for the recovery of the possession of a public street without showing ownership in the land in fee? If the third question above stated should be answered in the negative, the consideration of the first and second questions becomes unnecessary, and we shall therefore consider that question first.

It is conceded by respondent that the defendant owns the fee in the demanded premises, nor is there any question that, if the said street is a public highway, it is such by dedication arising from the acts and acquiescence of the property owners along the same, and its acceptance, shown by the use thereof by the public. In other words, there has been no conveyance by the property owners of the land alleged to be covered by the street, nor has title to the easement been acquired by condemnation or other legal proceedings, but the right or title of the plaintiff and of the public rests solely in parol. Assuming that it is a street, and that the demanded premises is a part thereof, all the right or interest that the public has therein is an easement consisting in the right to use the same for the ordinary purposes of a highway; and such easement is an incorporeal hereditament. "By the common law and the general rule an ejectment will not lie for anything where an entry cannot be made, or of which the sheriff cannot deliver possession. It would follow, therefore, by this rule, that ejectment is only maintainable for corporeal hereditaments. . . . . Things that lie merely in grant are not the subjects of ejectment, because these being incorporeal are in their nature invisible, and therefore not capable of being delivered in execution": Tyler on Ejectment, 37. "An action of ejectment will not lie against one claiming an easement in a parcel of land, or to his right to enjoy the same; nor will a writ of entry. But the owner in fee of land may maintain a right of entry to establish his

title to the freehold against one having a prescriptive right of way over the same'': Washburn on Easements, 4th ed., 740. Newell on Ejectment, page 17, lays down the following test as to the cases where ejectment is the only proper remedy: ''(1) The thing claimed must be a corporeal hereditament; (2) a right of entry must exist at the time of the commencement of the action; and (3) the interests must be visible and tangible, so that the sheriff may deliver the possession to the plaintiff under the writ of possession issuing out of the court.'' The same author, at page 53, enumerates a large number of easements, among which is a·''right of way,'' ''a right to a road,'' which are ''in legal consideration not tangible property, and for the recovery of which the action of ejectment will not lie.'' In Payne v. Treadwell, 5 Cal. 312, it was said: ''The action of ejectment is merely a possessory action, and is confined to cases where the claimant has a possessory title; that is to say, a right of entry in the lands.'' If it be true that an easement is an incorporeal hereditament, and that such hereditaments lie in grant, because not capable of livery of seisin, it is difficult to understand how there can be an ouster or a withholding of the possession, or how manual possession could be delivered by the sheriff.

This question, however, is not a new one in this state. In Wood v. Turnpike Co., 24 Cal. 474, it was held that ejectment does not lie to try the right to a road or right of way. In that case the plaintiff claimed title to the Truckee turnpike road (a toll road) under a conveyance made by the sheriff pursuant to an execution sale thereof, and the action was brought by said purchaser to recover possession of the road. The court said: ''The plaintiff acquired nothing by the purchase of the road to which the action of ejectment has any remedial relations. 'Road' is a legal term, strictly synonymous with the word 'way,' and in the complaint and throughout all the title papers of the plaintiff their identity is strictly recognized; and the 'way' is an easement, and consists in the right of passing over another man's ground. It is an incorporeal hereditament; a servitude imposed upon corporeal property, and not a part of it. It gives no right of possession of the land upon which it is imposed, but a right merely to a party in whom the way is vested to enjoy the way. . . . . A deed of a way or a right·

of way would pass to the grantee no title to or interest in the land. . . . . But it is well settled that an action of ejectment will not lie in favor of a party to try his right to enjoy an easement, nor will it lie against one claiming an easement in land to try his right to enjoy it. And the reason is obvious—the very subject matter of controversy is incorporeal. It is for that reason that an easement 'lieth in grant and not in livery.' It is for that reason that the owner of a way cannot be disseised or otherwise ousted from it. He can only be disturbed or obstructed in his enjoyment, and for such injury the remedy is by action on the case at common law, or by bill in equity." Wood v. Turnpike Co., supra, was cited and followed in City of San Francisco v. Calderwood, 31 Cal. 585, 590, where it was held that a deed of a way or right of way would pass to the grantee no title to or interest in the land; that it is an incorporeal hereditament and servitude imposed upon corporeal property, and not a part of it, and gives no right to possess the land upon which it is imposed. In Fitzell v. Leaky, 72 Cal. 482, 14 Pac. 200, it was again said: "The owner of an easement upon the land has no right of entry, nor has he any right to possess the land as such."

There are several cases in this state which are claimed to be inconsistent with those above cited, and which should be briefly noticed. The case of City of San Francisco v. Sullivan, 50 Cal. 603, was an action of ejectment to recover a portion of a street upon which it was alleged the defendant had entered. The complaint, however, alleged that the city and county of San Francisco was "the owner thereof, subject to the right of its citizens to pass and repass over the same." The court said: "We are of the opinion that the force of the allegations that the plaintiff here is the owner and entitled to the possession of the premises sued for is not impaired or affected by the further allegation that the public has an easement therein as a public street. . . . . The existence and enjoyment of the easement is entirely compatible with the seisin of the plaintiff as being the owner of the fee." This case, so far as we have quoted the opinion of the court, clearly sustains the general doctrine that the owner of the fee subject to an easement may maintain ejectment against an intruder who asserts a right inconsistent with the easement, and is not inconsistent with the cases we

have above cited. It is true, the court quoted a paragraph from Dillon on Municipal Corporations, the first part of which is directly to the point in the case there before the court. The latter part of the quotation has no application to that case. This extract, however, we shall have occasion to notice in another connection. The case of City of Visalia v. Jacob, 65 Cal. 434, 4 Pac. 433, was also an action of ejectment for a portion of a public street. The demurrer to the complaint was sustained, and judgment rendered for the defendant. The complaint, however, in that case alleged that the plaintiff was "seised of and entitled to possession of the land, the same being a portion of a public street duly laid out and dedicated to the public use." This allegation is equivalent to an allegation that the fee of the land was in the city. The court in that case also cited Dillon on Municipal Corporations and City of San Francisco v. Sullivan, supra. It would appear from the language of the complaint that the defendant demurred on the ground that the complaint showed the cause of action was barred by the statute of limitations, and the opinion principally discusses the question whether title to the land dedicated to the public as a street could be acquired by adverse possession.

Southern Pac. Co. v. Burr, 86 Cal. 279, 24 Pac. 1032, is also cited by respondent. That case, however, is clearly distinguishable from the case at bar. In that case the plaintiff was granted by Congress a right of way over the public lands, four hundred feet in width, for the purposes of a railroad. The action was ejectment to recover from defendant a portion of said right of way occupied by him. The court in its opinion referred to the case of Wood v. Turnpike Co., supra, and distinguished it from the case then under consideration. The grant of the right of way to the railroad company was necessarily exclusive as to the right of occupancy. Quoting from Railroad Co. v. Benity, 5 Saw. 118, Fed. Cas. No. 2551, it was said: "It may be admitted that for the obstruction of·a mere easement the recovery of the possession of the land itself would not be the proper remedy; but, in order that the plaintiff in the case at bar may make such use of the land as the grantor intended it should under a grant of right of way, it becomes necessary to take and keep an actual possession of the land. It must also be a possession exclusive of all other persons": 86 Cal. 285, 24

Pac. 1033. This case, therefore, does not conflict with the views we have above expressed. In the case of City of Eureka v. Armstrong, 83 Cal. 623, 22 Pac. 928, and 23 Pac. 1085, and the case of City of Eureka v. Fay, 107 Cal. 166, 40 Pac. 235, the action was ejectment for land alleged to be a portion of a public street. In neither of these cases, however, was any question made or considered in relation to the form of the action. But for the quotation of the passage from. Dillon on Municipal Corporations in the case of City of San Francisco v. Sullivan, supra, and City of Visalia v. Jacob, supra, there is no real conflict in the decisions in this state upon the subject under discussion, and in neither of those cases was it necessary to decide the question here involved, inasmuch as in both cases it appeared that the fee in controversy was in the plaintiff.

The great consideration which should be given to all propositions of law stated by the learned author above mentioned requires that some notice should be given it. Section 662 of said work is as follows: "A municipal corporation entitled to the possession and control of streets and public places may, in its corporate name, recover the same in ejectment. Where it possesses the fee, although in trust for public uses, there are no technical obstacles in the way of maintaining such action against the adjoining proprietor, or whoever may wrongfully intrude upon, occupy or detain the property. And, where the adjoining proprietor retains the fee, the courts have overcome the technical difficulties by regarding the right to the possession, use and control of the property by the municipality as a legal, and not a mere equitable, right." I have examined all the American cases cited by the learned author in the note to said section. The New Jersey cases, it may be conceded, sustain the text, though it will be observed that two of the five cases cited were in equity. Of the cases at law, in Den v. Dummer, 20 N. J. L. 86, the land in question was dedicated by the owner of the townsite upon a recorded plat for a public market ground. Trustees of M. E. Church v. Mayor etc. of Hoboken, 33 N. J. L. 13, was to recover possession of land dedicated upon the original town plat as a public square. The third case—Hoboken Land & Improvement Co. v. Mayor etc. of Hoboken, 36 N. J. L. 540—involved the right to a street, which, by the original plat, extended back from high-water mark on

the Hudson river. The improvement company—the plaintiff in error, and the defendant below—succeeded to the ownership of the land platted so far as it remained unsold, and was granted a charter by the legislature to fill in land covered by water in front of their property, and construct wharves, etc., but it was provided ".that it should not be lawful for the company to fill up any such land covered with water . . . . in front of the lands of any other person owning down to the water without the consent of such person in writing." It was held that the city could recover, in ejectment, the street to the new high-water line: City of Winona v. Huff, 11 Minn. 119 (Gil. 75). In a town plat, made under the statute, certain squares mentioned in the certificate to the plat were declared to be for "public use and benefit forever." It was held as to such dedication the plat itself operates as a conveyance to the public, and a claim by the public is unnecessary; that under a statutory dedication the fee simple to the land does not pass, but only such an estate or interest in the land as the trust requires. In the opinion (page 136, 11 Minn. [Gil. 85]) the court said: "The action of ejectment is a mixed action, and the form of remedy by which a person is entitled to recover possession of real property in fee, for life, or for years. It does not lie where the thing to be recovered is incorporeal: Saund. Pl. & Ev., tit. 'Ejectment,' p. 446. The purpose for which the action is brought is not to try the mere abstract right to the soil, but to obtain actual possession: Jackson v. Huntingdon, 6 Pet. 442. For a mere easement, perhaps, the action will not lie; but wherever a right of entry exists, and the interest is tangible, so that possession can be delivered, an action of ejectment will lie: Chit. Pl. 188, 189; Jackson v. Buel, 9 Johns. 298. If, therefore, the plaintiff has an interest in the land and the right of possession, this action may be maintained." It was further held by the court in that case that dedication of lands for different purposes may require different interests or estates to support them. As, for instance, a dedication of land for public buildings, or a burying ground, or a public square, which may be inclosed, improved and ornamented for purposes of pleasure, or amusement, or recreation, or health. In Weeping Water v. Reed, 21 Neb. 261, 31 N. W. 797, the action was to recover the possession of a square marked "College Square." It was held that

there was a dedication of College Square to the public, with a right to the use thereof for the purposes of an institution of learning so long as the user continued, the title remaining in the public as represented by the municipal corporation for that use, and ejectment will lie to remove any person in unlawful possession. In City of Hannibal v. Draper, 15 Mo. 634, it was held that the memoranda, "Lots numbered 2, 3, 4, in block 26, is intended for church grounds," and as concerning the lots were written the words "church ground," appearing upon a duly acknowledged plat of the town of Hannibal, it was sufficient, under the act concerning plats, towns and villages, to vest the fee in the county for public use. In City of California v. Howard, 78 Mo. 88, the action was ejectment for a public street. It was held: "A city invested by law with the title in fee, and the right and control over all public streets, may maintain ejectment for land dedicated for a street." In City of Chicago v. Wright,° 69 Ill. 318, 322, the court quoted the above extract from Dillon on Municipal Corporations. That case, however, was a bill in equity, brought by Wright against the city of Chicago and the chief of police, to prevent them from removing certain fences from lands claimed by the city to be a public street. The only ground suggested by the author upon which ejectment is sustained in such cases is "by regarding the right to the possession, use and control of the property by the municipality as a legal, and not a mere equitable, right."

If it be conceded that where the dedication appears of record, as by recording a plat with streets delineated thereon, and the sale of lots described as bounded thereby, and especially where the municipality has expressly accepted the dedication, the action of ejectment may be maintained—a proposition we neither concede nor decide—the case here is very different. There was no dedication by filing a plat showing the existence of any street through the center of the block. Some of the conveyances described the lot as abutting on "an alley," but without designating the width of the alley. Defendant's lot extended to the center of the block, and the conveyance from plaintiff was silent as to an alley. If there was any dedication of the avenue or alley, it was by the individual owners of the lots. There was not, except as to irregular portions, any reservation in the deeds

executed by the city of the land covered by the alleged street, and as to the land not conveyed no purpose was expressed in the conveyances; and whether there was any dedication rested wholly upon parol testimony of the acts and declarations of the respective owners, and the use of the way by the public. We think that, whatever may be the rule in cases where the evidence of dedication may be shown from the public records, such evidence of dedication as was given in this case will not support an action of ejectment. It is undoubtedly the general rule that in an action of ejectment legal title to land cannot be proved by parol, and, where not permitted by statute, equitable defenses thereto cannot be heard. The judgment appealed from should be reversed and the action dismissed.

We concur: Britt, C.; Belcher, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment is reversed, with directions to dismiss the action.