[S. F. No. 645.   Department One.—February 9, 1898.]

## CITY OF EUREKA, Respondent, v. ANN E. GATES, Appellant.

DEDICATION OF STREET AND ALLEY—EJECTMENT BY MUNICIPAL CORPORATION —OWNERSHIP OF FEE IMMATERIAL.—If the owner of the fee has dedicated a street and alley to public use, and the dedication has been accepted by the city in which the street and alley are situated, such city may maintain ejectment to recover possession thereof as against the owner of the fee, though the city may claim only an easement in the street and alley for public use.

ID.—CROSS-COMPLAINT—PARTIES—REFORMATION OF BOUNDARIES IN DEEDS— STRIKING OUT REFERENCE TO STREET AND ALLEY.—Where it was claimed in an action of ejectment by the city that the defendant had dedicated a street and alley to public uses by description of boundaries in two conveyances made by the defendant, the defendant is entitled to file a cross-complaint, and to bring in as new parties each of the grantees named in such deeds, and to seek a reformation thereof so as to strike therefrom recitals referring to such street or alley.

ID.—BRINGING IN NEW PARTIES.—Where new parties are necessary for the determination of the issues raised by a cross-complaint, they may and should be brought in.

ID.—UNION OF CAUSES—REFORMATION OF TWO CONVEYANCES—RESPONSE TO PLAINTIFF'S CAUSE OF ACTION.—A cross-complaint may be filed where the defendants seek affirmative relief affecting the property to which the cause of action relates; and where the action was to recover possession of two separate parcels of land comprising a street and alley, and the affirmative relief sought by the defendant related to and affected each of these parcels of land, the defendant

is entitled to interpose, by way of answer and cross-complaint, any defense as to either or both of the parcels, and to ask any affirmative relief necessary and proper for such defense; and may seek the reformation of two separate and distinct conveyances upon which plaintiff relies as indicating a dedication of such street and alley.

APPEAL from a judgment of the Superior Court of Humboldt County. G. W. Hunter, Judge.

The facts are stated in the opinion.

H. L. Ford, and L. M. Burnell, for Appellant.

A. J. Monroe, for Respondent.

BELCHER, C.—This is an action of ejectment to recover possession of two parcels of land situate in the city of Eureka, the first parcel described as one hundred and twenty feet long and sixty feet wide, and being that part of Tenth street which lies between I and J streets, and the second parcel described as one hundred and six feet long and twenty feet wide, and as being an alley.

The defendant answered the complaint, denying all its averments, and also filed a cross-complaint to which a demurrer was interposed and sustained.

When the cause came on for trial the attorneys for the respective parties stipulated as to the facts of the case, and the court adopted the stipulations and found the facts to be as therein stated. And as conclusions of law therefrom the court found: "1. That the land described in the complaint was dedicated to the public by the owner thereof and accepted by the city of Eureka as and for a street and alley, and the same now constitutes a part of a public street and alley in said city; 2. That plaintiff is entitled to recover possession of the property described in the complaint and to judgment for costs."

Judgment was accordingly so entered, and from it the defendant appealed.

The facts, as shown by the stipulation and findings, are in substance as follows: That on and before the seventh day of April, 1881, the defendant was the owner in fee of a described piece of land, situate in the city of Eureka, which included the parcels in controversy.

That on or about the seventh day of April, 1881, while defendant was the owner of said land, she sold and conveyed, by a bargain and sale deed, to G. H. Close a portion thereof described in the deed as follows: "Commencing at the northeast corner of Tenth and I streets in the said city of Eureka, and running thence north along the easterly line of I street one hundred and twenty-three feet; thence in an easterly direction one hundred and ten feet, more or less, to an alley; thence in a southerly direction parallel with I street along the westerly line of said alley one hundred and six feet to the northerly line of Tenth street; thence at right angles westerly along the northerly line of Tenth street one hundred and ten feet to the place of beginning"; which deed was duly recorded.

That on or about the third day of December, 1885, while defendant was the owner of said land, she sold and conveyed, by a bargain and sale deed, to Le Roy J. Gates a portion thereof described in the deed as follows: "Commencing at the southeast corner of Tenth and I streets, and running from thence south along the east line of I street twenty-six feet, more or less, to my south boundary on said street; thence at right angles east one hundred and twenty feet; thence at right angles north, twenty-six more or less feet to the south line of Tenth street; thence westerly on the south line of Tenth street one hundred and twenty feet to the place of beginning"; which deed was duly recorded.

That on April 7, 1885, the common council of said city adopted an ordinance providing that "All streets and alleys within the corporate limits of the city of Eureka, which have been dedicated by the owners thereof for the use of the public, are hereby accepted and declared to be public streets of the city of Eureka"; and again on January 4, 1892, the common council adopted another ordinance using the same language.

That since April 6, 1881, to the present time, defendant has claimed ownership of the land described in the complaint, and has kept the same protected by a substantial inclosure, and has used the same according to the usual course and custom of the adjoining country; and that since the date named, to the present time, the said land has been assessed, with and as an undivided part of the adjacent premises, to defendant for city and county taxes, and she has paid all taxes levied thereon.

That on April 4, 1887, the city of Eureka duly and regularly enacted a city ordinance, adopting a city map for said city, but on the map so adopted the lands described in the complaint were not marked out or designated as a street or an alley, and Tenth street was not extended thereon from I to J street, a copy of the map being attached as an exhibit.

1. Appellant contends that the complaint did not state facts sufficient to constitute a cause of action, for the reason that the plaintiff claimed only an easement over the lands described; that the action should have been one to remove obstructions, and not in ejectment. A sufficient answer to this contention is that it has been expressly decided by this court that "an action of ejectment may be maintained by a municipal corporation for the recovery of possession of a street wrongfully possessed by an individual, whether the corporation owns the fee, or the adjoining proprietor retains it." (*Visalia v. Jacob,* 65 Cal. 436; 52 Am. Rep. 303.)

2. Appellant also contends that the court erred in sustaining the demurrer to her cross-complaint, and this contention we think must be sustained.

Under the provisions of section 442 of the Code of Civil Procedure, the defendant was entitled to file a cross-complaint, and the purpose of the pleading was to have the deed to Close reformed by striking from the recitals in the description of the premises conveyed thereby the words, "to an alley," "along the westerly line of said alley," "to the northerly line of Tenth street," and "along the northerly line of Tenth street," and to have the deed to Gates reformed by striking from the recitals in the description of the premises conveyed thereby the words, "to the line of Tenth street," and "along the southerly line of Tenth street."

The cross-complaint stated facts sufficient to constitute a cause of action for the relief sought, and judgment was prayed for: "1. That G. H. Close and Le Roy J. Gates are proper parties defendant in this action, and that they be made parties hereto; 2. That the description set forth in the deed to Close be corrected by striking out of the recitals thereof the words above quoted, and that the same be made to conform to the true description as intended by the parties thereto. 3. That the description set forth in the deed to Gates be corrected in the same way."

The demurrer to the cross-complaint was upon the ground "that said cross-complaint is defective, respecting parties defendant thereto. The said G. H. Close and Le Roy J. Gates should be made parties defendant to said cross-complaint," and also upon the ground that two causes of action were improperly united therein, to wit, a cause of action to reform a deed from defendant to one Close, and a cause of action to reform a deed from defendant to one Gates.

The rule is not questioned that, under our practice, when new parties are necessary for the determination of the issues raised by a cross-complaint they may and should be brought in. (*Winter v. McMillan,* 87 Cal. 256; 22 Am. St. Rep. 243.) But it is' claimed for respondent that the cross-complainant here did not try to bring in the new parties, and it is said: "The only reference to them as parties is in the prayer to the amended cross-complaint, where she prays judgment that said Close and Gates be made parties thereto. It was only after a trial and determination of the issues that they were to be made parties—after judgment. She proposed to reform the deeds from herself to said Close and Gates without their being made parties to the action until after judgment."

This theory cannot be sustained. The evident purpose and import of the prayer was that the court adjudge or order that Close and Gates be brought in and made parties to the action, so that the said deeds might be reformed and the rights of the parties thereunder determined, and for this purpose the prayer must be held sufficient.

As to the objection that two causes of action were improperly united in the cross-complaint, the code provides that "whenever the defendant seeks affirmative relief against any party relating to or depending upon the contract or transaction upon which the action is brought, or affecting the property to which the action relates," he may file a cross-complaint. (Code Civ. Proc., sec. 442.)

The action was to recover possession of two separate parcels of land, and the affirmative relief sought by defendant related to and affected each of these parcels. It seems clear, therefore, that if the plaintiff could sue to recover both parcels in one action, then the defendant was entitled to interpose, by her answer

and cross-complaint, any defense she might have as to either or both of the parcels, and to ask any affirmative relief necessary and proper for such defense.

The judgment should be reversed and cause remanded, with directions to the court below to overrule the demurrer to the cross-complaint.

Searls, C., and Britt, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed and cause remanded, with directions to the court below to overrule the demurrer to the cross-complaint.

Garoutte, J., Harrison, J., Van Fleet, J.