## THOMAS J. INGHAM v. FIDELLA BURNELL, *et al.*

1. CERTAIN TRUSTS, *How Created.* Express trusts in real estate can be created only by an instrument in writing.

2. EXPRESS TRUST IN LAND, *to be in Writing.* An agreement between the grantor and grantee of lands, that the latter shall take possession and use, lease or sell as he shall deem best for the interest of certain *cestuis que trust,* and that when he shall sell he shall distribute the proceeds in certain proportions among such *cestuis que trust,* is an attempt to create an express trust in the land, and to be valid it must be in writing.

3. ———— *Passive Trust; Ejectment.* Where the trust is only a passive one, the trustee simply holding the naked legal title in trust for the

*cestuis que trust,* he cannot maintain an action of ejectment against the latter.

### Error from Clay District Court.

EJECTMENT, brought by *Ingham* against *Fidella Burnell* and three others. Trial by the court at the September Term, 1883, and judgment for defendants. The opinion contains a statement of the facts.

*Anthony & Kellogg,* for plaintiff in error.

*Harkness & Godard,* and *J. S. Walker,* for defendants in error.

The opinion of the court was delivered by

BREWER, J.: Plaintiff brought an action of ejectment against defendants. The case was tried by the court without a jury. The findings of facts are as follows:

"In 1874, O'Brien, being the owner in fee simple of the west half of the northwest quarter and lot one of the southwest quarter, all of section seventeen,. town nine, range four, east, all in Clay county, Kansas, and being in possession thereof, conveyed the same by warranty deed to one H. R. Dunham. On the 5th of September, 1877, said H. R. Dunham died intestate. At the time of the conveyance to him by O'Brien, he took possession of the land, and so continued in possession until his death. The defendant Fidella Burnell, then Fidella Dunham, was the wife of H. R. Dunham, and was left a widow at his death. The defendants John Dunham and E. M. Dunham are children of the said H. R. Dunham. After the death of H. R. Dunham, his widow, Fidella, married defendant S. P. Burnell. She, with her present husband, is still in possession of the premises in question.

"At the time of the conveyance to H. R. Dunham by O'Brien, one-third of the purchase-money was paid by said H. R. Dunham, one-third by the plaintiff, Thomas J. Ingham, and the other one-third by one E. M. Dunham, a brother of H. R. Dunham, but who is not a party to this suit; and by agreement, and without any fraudulent intent, the said H. R. Dunham was to hold an undivided one-third of said lands in trust for said plaintiff, and another undivided one-third in trust for said E. M. Dunham, a brother of said H. R. Dunham.

"On the 2d of July, 1877, the said H. R. Dunham being in failing health and not expecting to live, an arrangement was made between said H. R. Dunham, his said brother E. M. Dunham, and plaintiff, by which H. R. Dunham and his wife were to convey said land by a warranty deed to plaintiff, which deed was duly made, executed and delivered on said 2d of July, 1877, it being then understood, as at the time of the conveyance by O'Brien to H. R. Dunham, that the real interest of said plaintiff was an undivided one-third, and that the two Dunhams, H. R. and his brother E. M., still each retained also an undivided one-third interest, and the agreement was that plaintiff was to hold the land in trust, one-third for H. R. Dunham and one-third for E. M. Dunham.

"The parties also verbally agreed at this time, July 2, 1877, that plaintiff should take and maintain full control and possession of said land, to use, or lease, or sell the same as he should deem best for the interest of the parties, and keep an account of all expenses, taxes and charges, and sell said land when he should deem it to the mutual advantage of the parties, and after the same was sold he was to account for the clear proceeds of the sale as follows: one-third to himself, one-third to E. M. Dunham, brother to H. R. Dunham, and one-third to H. R. Dunham or his heirs. This verbal agreement was never reduced to writing.

"Plaintiff has never consented to the possession of defendants, or any of them, since the date of the deed of July 2, 1877."

As conclusions of law from the foregoing facts, the court found that—

"Plaintiff holds the legal title to said land in trust, as follows: one-third for said E. M. Dunham, brother of H. R. Dunham, deceased; one-sixth for defendant Fidella Burnell; one-twelfth for defendant John L. Dunham, and one-twelfth for defendant E. M. Dunham; that said defendants are entitled to judgment in this case for costs of suit against this plaintiff; that partition cannot be made in this case, for the reason that said E. M. Dunham, brother of H. R. Dunham, deceased, is not a party to this suit."

Plaintiff excepted, and brings the case here. It is conceded that plaintiff is a trustee for the defendants, but the contention is that he is not the trustee for the land as land, but only

one holding in trust the net proceeds of the sale of the land; that the direction being to sell, equity will treat that as done which is to be done, and that this is an instance of equitable conversion in all its features and should be governed by the equitable rules concerning conversion. We cannot agree with counsel in this. The trust was in the land. He was to take the land as trustee; was to use, lease, or sell, as he should deem best for the interest of the *cestuis que trust.* The trust, if it existed all, existed before the sale, and it was an express trust, not one resulting from any act done by the parties, such as the payment of money, etc., but existing only by virtue of the agreement of the parties, the express direction of the grantor. It was neither an implied, a resulting, nor a constructive trust. But such a trust cannot be created by a mere parol agreement. It can only be done by an instrument in writing; that is, the trust must be declared in and evidenced by some written instrument. (Comp. Laws 1879, p. 989, § 1.) The existence of the alleged trust was therefore not established.

Again, the plaintiff insists that possession follows the legal title, and that a trustee may maintain ejectment against his *cestui que trust.* This is doubtless generally true where there is an active trust, where the trustee has some duty to perform in reference to the trust property. It would be true in this case, if the express trust heretofore referred to had been validly created by an instrument in writing. But where there is only a passive trust, where the trustee simply holds the naked legal title in trust, for the benefit of the *cestuis que trust,* then he cannot dispossess the latter. The law executes the trust. (Martindale on Conveyancing, 109 and 110; Tiffany and Bullard on Trusts, 810; Tyler on Ejectment, 75.)

Plaintiff's remedy was an action for partition, making all the parties interested in the title defendants.

The judgment will be affirmed.

All the Justices concurring.