[No. 19291.    Department Two.—February 24, 1894.]

CATALINA S. AMES ET AL., RESPONDENTS, *v.* THE CITY OF SAN DIEGO, APPELLANT.

PUEBLO LANDS—PUBLIC TRUST—ADVERSE POSSESSION.—Land acquired from the United States by a city as successor to a former pueblo, held in trust for the general public for a specific public use, as a park, or for a street, or for public buildings, cannot be alienated, and the title of the public thereto cannot be lost by a possession adverse to the city.

ID.—HOUSE LOTS—POWER OF ALIENATION—PRESCRIPTION.—In the case of pueblo lands, such as house lots, the legal title of which is vested in the city, and which may be alienated by it, the title of the city thereto may be lost by adverse possession for the period of time required to acquire a prescriptive title under the statute of limitations.

ID.—FINDINGS—PRESUMPTION—SUPPORT OF JUDGMENT.—Where the find-
ings in an action to determine an adverse claim to land state facts
showing a prescriptive title in the plaintiffs, and also that the land
in controversy was patented by the United States to the city defend-
ant as the pueblo lands of the defendant, "in trust for municipal pur-
poses," without stating that the land in controversy was held by the
defendant in trust for a specified public use, it must be presumed in
favor of the judgment that the land was a house lot which the pueblo
was authorized to convey, and the findings are sufficient to support a
judgment for the plaintiffs.

ID.—CONFLICT IN FINDINGS—LIBERAL CONSTRUCTION.—Findings are to be
liberally construed in support of judgment, and, if possible, are to
be reconciled so as to prevent a conflict upon material points, and, un-
less the conflict is clear, and the findings are incapable of being har-
moniously construed, a judgment will not be reversed upon the ground
of the conflict in the findings.

APPEAL from a judgment of the Superior Court of San
Diego County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*William H. Fuller,* and *Clarence L. Barber,* for Appel-
lant.

*William Darby,* for Respondent.

DE HAVEN, J.—The plaintiffs are husband and wife,
and this action was brought for the purpose of de-
termining an adverse claim made by the defendant to
certain land which, the complaint alleges, is owned by
the plaintiff, Catalina S. Ames. The answer alleges
that the defendant is the owner of the land in con-
troversy, and this was the only issue made by the
pleadings. The action was tried by the court without
a jury, and judgment was rendered in favor of plain-
tiffs. The defendant appeals from the judgment, and
from an order denying its motion for a new trial. It
is claimed by the defendant that the findings do not
support the judgment, and also that the finding in re-
spect to the plaintiffs' adverse possession is not justified
by the evidence.

The court did not find, in direct terms, that the
plaintiff, Catalina A. Ames, is the owner of the land in
dispute, but it found the following among other facts:

" 2. That ever since the year 1846 the said plaintiffs
and their grantors have been continuously in posses-
sion of the lands and premises hereinafter described,
claiming the same adversely to defendant, and that the
same have been during the whole of said time inclosed
with a substantial fence; and that there has been
erected, and is now standing, on said lands a two-story
adobe dwelling-house, and a frame dwelling-house, and
that said adobe dwelling-house has been occupied by
said plaintiffs and their grantors as a dwelling con-
tinuously from the said year 1846."

" 4. That on the tenth day of April, 1874, the title
of said defendant as successor to the Mexican pueblo
of San Diego was confirmed, and that on said day a
patent was issued to defendant by the United States
of America for the land and premises hereinafter de-
scribed, with other lands, as the pueblo lands of said
defendant, and in trust for municipal purposes."

The foregoing finding numbered two, although some-
what informal, was evidently intended as a finding to
the effect that the plaintiffs had, before the commence-
ment of this action, acquired title to the premises in
controversy by adverse possession, and that such is its
proper construction is not denied by counsel for de-
fendant; but it is urged that the latter finding, num-
bered four, is in conflict with the former, and shows
that plaintiffs did not and could not have acquired
such a title as against defendant.

The finding last above quoted shows clearly that the
defendant city obtained from the United States title to
the land in controversy as the successor of the former
pueblo of San Diego, and it is well settled in this state
that land thus acquired cannot be sold under an execu-
tion issued upon a money judgment against the city
succeeding to the rights of the pueblo. (*Hart* v. *Bur-
nett*, 15 Cal. 530; *San Francisco* v. *Canavan*, 42 Cal. 541;
*Townsend* v. *Greely*, 5 Wall. 326.) The reason for this
rule is that such lands are not held as the absolute prop-
erty of the city, but in trust for its inhabitants. The

nature of the title of a pueblo to the lands within its lim-
its, and the trust upon which it held the same, is very
clearly stated by Baldwin, J., in delivering the opinion of
the court in *Hart* v. *Burnett*, 15 Cal. 568. He said: "We
have carefully examined their references to laws and text-
books, and it seems to us that taken together they show
that under the old Spanish system the lands assigned
to towns, whether by general law or special act, were in
the sense of endowments to be held in trust for the pur-
poses and objects specified in the laws or in the partic-
ular grant; or, as expressed by Perez, *en clase en de dote
o privilegio de poblacion* (in class of endowment or town
privilege), but not in absolute ownership with full right
of disposition. The lands so assigned were for the gen-
eral object of building up and sustaining the town and
its population, and were to be applied to that object in
the manner which might be directed by the laws or by
royal orders. The government, or its authorized agents,
were therefore to designate the portions of such lands
which were to be used for particular purposes, as those
which were to be given to individuals in *solares* and
*suertes*, those which were to remain common for the use
of all alike, as the pastures, woods, public squares, water-
ing-places, etc., and those from which the municipal
officers were to derive revenues for their support and
the expenses of the municipal government. The lands
so assigned to these special objects could not all be used
or disposed of in the same manner. Thus, the building
lots were to be given to the settlers for their individual
and exclusive benefits, but the *commons* were for the
common use of all, and could not, in general, be reduced
to individual ownership except by common consent or
the exercise of the right of eminent domain."

The defendant city, as successor of the former pueblo,
took its lands upon the same trust upon which they
were held by the pueblo, and succeeded to the same
right of alienation, and while the land held upon such
a trust is not subject to sale upon an execution issued
upon a judgment against the trustee, it does not by any

means follow that title to such portion of the pueblo lands as has not been dedicated to some specific public use cannot be acquired by adverse possession. Of course, it is well settled that land held by a city in trust for the general public upon a dedication to the public for use as a street, park, or for a public building, cannot be alienated by the city, and the title of the public thereto cannot be lost by a possession adverse to the city. (*Hoadley* v. *San Francisco*, 50 Cal. 265; *People* v. *Pope*, 53 Cal. 437; *County of Yolo* v. *Barney*, 79 Cal. 375; *Board of Education* v. *Martin*, 92 Cal. 209.)

But in case of lands, the legal title to which is vested in the city, and which may be alienated by it, the rule just stated in relation to land dedicated to the public use does not apply.

As to land which is the subject of alienation, we are clearly of the opinion that the title of the city thereto may be lost by the adverse possession of another for the requisite period of time; and in regard to pueblo lands of this latter character, such as house lots, we see no reason why the statute of limitations should not apply in favor of an adverse possessor precisely the same as if such land had been acquired by the city by purchase and for purposes of sale, or for any other use not strictly municipal.

The remaining question upon this point is whether finding number four shows that the land in controversy is held by the city for some specific public use as a park, street, common, or as a site for public buildings. The language of the finding is that the land was conveyed to the defendant as successor of the pueblo "in trust for municipal purposes." We do not think, in view of the specific finding to the effect that the plaintiffs have been in adverse possession of the land since 1846, occupying the same as a place of residence during all that period, that the court intended by the language above quoted to say that this land was ever dedicated to public use as a street, park, or for a public building, or that the same was conveyed to the defendant in trust for either of such

purposes.  Findings are to be liberally construed in support of a judgment and, if possible, are to be reconciled so as to prevent any conflict upon material points, and unless the conflict is clear, and the findings are incapable of being harmoniously construed, a judgment will not be reversed upon the ground of a conflict in the findings.  We think the court below only meant to say in the finding now under consideration that the defendant acquired the title of the former pueblo of San Diego to the land in controversy and other pueblo lands, impressed with the same general trust upon which they were held by its predecessor, but did not mean that such land was held by the defendant in trust for a specific public use.

What we have said in regard to the construction of the findings disposes of the further contention of defendant that the finding in relation to the adverse possession of plaintiff is not sustained by the evidence.   The stipulation relied upon by defendant to overthrow this finding of the court is as general as the finding we have just considered, and in view of the other evidence in the transcript in which we find no intimation that the lot in controversy was ever dedicated to a public use or that any claim of such dedication was ever made upon the part of the defendant, we would not be justified in holding it to be a stipulation by the plaintiffs that such land was so dedicated to public use and is not a house lot such as the former pueblo might have alienated, and which the defendant, as the successor to the pueblo title, was authorized to convey in private ownership.

Judgment and order affirmed.

McFARLAND, J., and FITZGERALD, J., concurred.