### PROCTOR v. CITY AND COUNTY OF SAN FRANCISCO.

(Circuit Court of Appeals, Ninth Circuit. February 5, 1900.)

No. 553.

EQUITY JURISDICTION—ENFORCEMENT OF TRUST.

Pursuant to a decree confirming a claim made under a Mexican grant in proceedings instituted in 1852, certain lands within the city of San Francisco were patented to the city, "in trust for the benefit of the lot holders under grants from the pueblo, town, or city of San Francisco, or other competent authority, and as to any residue in trust for the use and benefit of the inhabitants of the city." *Held*, that the benefit of such trust did not extend to one whose claim to be a lot holder was based on possession taken in 1850, and extending to 1895, such claim not being under, but adverse to, the pueblo and its successors, and that a bill asserting such claim, and seeking to recover the property from the city and county of San Francisco, which had taken possession thereof for public purposes, presented no ground for equitable cognizance.

Appeal from the Circuit Court of the United States for the Northern District of California.

E. B. Holladay, L. D. McKisick, and Jefferson Chandler, for appellant.

Franklin K. Lane and George W. Lane, for appellee.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

GILBERT, Circuit Judge. The appellant was the complainant in a bill in equity, in which he alleges: That he is the owner in fee simple and entitled to the possession of a certain described parcel of land situated within the corporate limits of the city of San Francisco. That on July 2, 1852, under the provisions of the act of congress approved March 3, 1851, entitled "An act to ascertain and settle private land claims in the state of California," the city of San Francisco filed its claim before the board of land commissioners organized and acting under said act for a tract of land four square leagues in quantity, as successor to the former Mexican pueblo established at the site of said city, and also by virtue of a cession from the supreme government of Mexico theretofore made to the said pueblo, and prayed that its said claim be confirmed. That said petition and claim was thereafter duly transferred to the circuit court of the United States for the Northern district of California, and on May 18, 1865, said court rendered a decree confirming to the city of San Francisco four square leagues of land within its city limits, including the land in controversy in this suit, subject to deductions of such lands as had been reserved or dedicated to public use by the United States, and such parcels as had been confirmed to parties claiming the same by the tribunals of the United States; the decree concluding with these words: "This confirmation is in trust for the benefit of the lot holders under grants from the pueblo, town, or city of San Francisco, or other competent authority, and, as to any residue, in trust for the use and benefit of the inhabitants of the city." That on June 20, 1884, a patent issued from the land department of the United States to the city of San Francisco upon the trusts named and set forth in the decree of court aforesaid, with the habendum clause therein: "To have and to hold the said tract of land, with the appurtenances, unto the said city of San Francisco, its successors and assigns, forever." That the lot in controversy is a part of said pueblo land claimed as such by said city before said land commission and in said circuit court, and confirmed to the city in trust for the beneficiaries specified in said decree. That the defendant is the legal successor of said city of San Francisco, and is subject to and bound by all the trusts, duties, and obligations imposed on said city by said decree. "That through his grantors the complainant is the lot holder of said lot under said grants from defendant's municipal predecessor, said confirmee, said city of San Francisco." That in July, 1850, the complainant's grantors and predecessors in interest entered upon and took possession thereof, and since said date continuously until 1895 maintained ex-

clusive, adverse, actual, open, and notorious possession thereof under claim of title and ownership, "and thereupon your orator avers that, through his predecessors and grantors, he was and is, with respect to said lot, one of the lot holders under grants from the city of San Francisco, and one of the beneficiaries mentioned in the decree hereinbefore set forth." That within the period of five years next preceding the commencement of the present suit the defendant wrongfully and unlawfully, and in violation of the trust declared in said decree, and in contempt thereof, and in disregard of complainant's title, entered into the possession of said lot, and expelled the complainant therefrom, and, without any compensation paid, offered, or secured, has ever since wrongfully and unlawfully withheld such possession. The prayer for relief is, in substance, that the court determine the adverse claims of defendant to said lot, and adjudge and decree that complainant is the owner and entitled to the possession thereof; that the acts of the defendant are in contempt of said decree, and in violation of the trust imposed thereby; that the defendant be restrained and enjoined perpetually from further molestation of plaintiff in his possession, and from further violation of said decree; that the complainant's title to said lot be quieted, and that the decree of confirmation and the trust therein declared be enforced against the defendant; and for general relief. The defendant demurred to the bill for want of equity, and specially demurred for the indefiniteness and uncertainty of the allegations concerning the complainant's title and its source, and his failure to show whether he claimed that the legal title was in him or in the defendant. The court sustained the general demurrer for want of equity upon the ground that upon the facts alleged in the bill the complainant had a plain, adequate, and complete remedy at law. The bill was thereupon dismissed.

The sole question presented on the appeal is whether or not there was error in sustaining the demurrer. It is true that the bill contains all the essential averments of an action in ejectment. It alleges title in fee simple, and a present right of possession in the complainant, and a wrongful entry and detention of the possession by the defendant. Upon these allegations alone, if the bill contained no further averments, the legal remedy would undoubtedly be sufficient, and no ground for recourse to equity would be presented. But the allegation that the complainant owns in fee simple the disputed premises is qualified by other averments of the bill. It is shown therein that the claim of ownership in fee simple is based upon an adverse possession, which is alleged to have been maintained for a period of 44 years. There must be imported into the allegation of ownership in fee simple by adverse possession the law which is applicable to such a claim of title when it is asserted against a municipal corporation. While it is the rule of law in some of the states that adverse possession of real property which has been dedicated to a public use, or which is held and claimed by a municipal corporation for a street or park or for a public building, if continued for a sufficient period of time, will operate to establish title in the possessor, in California the rule is otherwise. It is

there settled by a series of decisions by the supreme court that the rights of municipal corporations in such property are not affected by adverse possession, however long continued. Hoadley v. City and County of San Francisco, 50 Cal. 265; People v. Pope, 53 Cal. 437; County of Yolo v. Barney, 79 Cal. 375, 21 Pac. 833; Orena v. City of Santa Barbara, 91 Cal. 621, 28 Pac. 268; Archer v. Salinas City, 93 Cal. 43, 28 Pac. 839, 16 L. R. A. 145; Ames v. City of San Diego, 101 Cal. 390, 35 Pac. 1005. The bill does not set forth the precise nature of the defendant's claim of title to the land in controversy. It alleges only that the defendant claims some right of title to said lot adversely to the complainant. But that in fact it is the contention of the defendant that the land in controversy is, and for a considerable period of time has been, owned by it as a public park, was not disputed on the argument of the case, and it is attested by the defendant's official and public maps. The date when that contention had its inception, whether or not it was antecedent to the complainant's possession, or upon what grant or proceedings it is based, the bill does not disclose. It is clear, therefore, notwithstanding the averment of ownership in fee simple, that upon the facts alleged in the bill it is not shown that the complainant is the owner in fee simple of the premises in controversy. On the contrary, the bill contains allegations of fact which indicate that the legal title is vested in the defendant, that the defendant acquired such legal title by a patent from the United States under proceedings authorized by a statute of congress, and that, so far as the patent affects lands which, prior to the enactment of the statute, were held by lot holders under previous grants, it conveys the title in trust for such lot holders. The bill alleges also that the defendant has, so far as the complainant is concerned, violated the trust which was imposed upon it, and has asserted against him a title which was acquired for his benefit. It may be conceded that, if the bill does, in fact, show that the title so acquired was for his benefit, there can be no question of his equitable remedy. The estate in lands of a cestui que trust is one of which the law courts take no cognizance (Bagnell v. Broderick, 13 Pet. 436, 10 L. Ed. 235; Foster v. Mora, 98 U. S. 428, 25 L. Ed. 191; Langdon v. Sherwood, 124 U. S. 85, 8 Sup. Ct. 429, 31 L. Ed. 344), and unless it can be clearly seen that the statute of limitations has run against the trustee of an estate in lands, or that from circumstances or from lapse of time the presumption will arise that a conveyance of the trust property has been made to the cestui que trust, a court of equity is not required to relegate the latter to his legal remedy, since it cannot be seen with certainty that such remedy will be adequate. But the bill falls short of showing that the complainant is one of the lot holders "under grants from the pueblo, town, or city of San Francisco, or other competent authority." There is a general allegation in the bill that, "through his grantors, he is the lot holder of said lot under said grants from defendant's municipal predecessor," but that allegation is followed by an averment which specifically sets forth the nature of the alleged grant. The averment is that in the month of July, 1850, the complainant's grantors and predecessors

in interest entered into the possession of the tract of land, and from that time until the year 1895 held the same adversely under a claim of title, etc.; "and thereupon your orator avers that, through his predecessors and grantors, he was and is, with respect to said lot, one of the lot holders under grants from the city of San Francisco, and one of the beneficiaries mentioned in the decree hereinbefore set forth." It thus appears that the complainant claims to be a lot holder, not under grants, but solely by virtue of an adverse possession, which had its inception two years prior to the time when the city of San Francisco filed its claim before the board of commissioners, upon which claim, and in final adjudication thereof. the decree referred to in the bill was rendered. Such adverse possession is not sufficient to show that the complainant, or any of his grantors, became, by reason thereof, a beneficiary of the trust, and of the title which was confirmed to the city of San Francisco, for he was not a lot holder under "grants from the pueblo, town, or city of San Francisco, or other competent authority." To lot holders under such grants the benefits of the title given to the city in trust extended, and to no others. Taking together all the averments of the bill, it does not appear therefrom that the complainant had such title or interest in the land in controversy as entitles him to relief. The demurrer to the bill for want of equity was properly sustained, and the decree will be affirmed.

ROSS, Circuit Judge (concurring). The bill in this case, rightly construed, does not, in my opinion, show that the complainant, or any of his predecessors in interest, ever had any grant from the pueblo or city of San Francisco, but, on the contrary, that the complainant's alleged rights to the lot of land in controversy are based entirely upon a possession thereof held by him and his predecessors in interest in hostility to all the world, including the pueblo and city of San Francisco. The bill does not, therefore, show that the complainant, or any of his predecessors in interest, is, or ever was, a beneficiary of the decree of confirmation entered in the United States circuit court on the 18th day of May, 1865, under and pursuant to the act of congress of March 3, 1851. It therefore fails to show any equity in the complainant for the cognizance of a court of equity, and hence the demurrer was properly sustained, and the bill properly dismissed, by the court below.