### ANNA C. GARTEN *et al.* v. SARAH E. TROBRIDGE.

#### No. 16,150.

#### SYLLABUS BY THE COURT.

1. DEMURRER—*Petition—Insufficient Facts.* Where any fact or facts essential to be established by evidence to sustain an action are entirely omitted from the petition a general demurrer to such petition should be sustained, and the overruling of such demurrer is error.

2. ————— *Error Cured by Trial of Issue Not Pleaded.* When after the overruling of such demurrer the defendant answers, although his answer in no way cures the defect in the petition, and upon the trial both parties treat the omitted facts as in issue and introduce evidence *pro* and *con* thereon, and the issue is determined by the judgment of the trial court, the error will not be regarded here as prejudicial nor will the judgment be reversed by reason thereof.

3. CONVEYANCES—*Resulting Trust.* The finding and judgment awarding to the plaintiff the land in controversy and decreeing in effect that the defendants inherited from their deceased father only the bare legal title thereto, which he held as a

resulting trust for the plaintiff, to whom passed the equitable title, is supported by the evidence and is in accord with the statute of trusts and powers.   (Gen. Stat. 1901, §§ 7875-7893.)

Error from Gray district court; GORDON L. FINLEY, judge.  Opinion filed October 9, 1909.  Affirmed.

*F. Dumont Smith,* for the plaintiffs in error.

*Thomas A. Scates,* and *Albert Watkins,* for the defendant in error.

The opinion of the court was delivered by

SMITH, J.:  Sarah E. Trobridge, the defendant in error, commenced this action in the district court of Gray county by filing the following petition:

"For her cause of action against the above-named defendants plaintiff alleges:

"That said defendants are the only heirs at law of E. S. Garten, late of Gray county, Kansas, deceased.

"That plaintiff is the owner of lots three (3), four (4) and the south half (½) of the northwest quarter (¼) of section two (2), in township twenty-four (24), range twenty-nine (29) west of the sixth principal meridian; that said land is now and for several years last past has been vacant and unoccupied.

"That heretofore, to wit, about the first day of January, 1905, plaintiff purchased said land through E. S. Garten, who at that time was transacting business in said Gray county for her as her agent; that plaintiff furnished all of the money for the purchase of said land, but the legal title thereto was taken in the name of said E. S. Garten, for the use and benefit of plaintiff; that on or about the 15th day of January, 1907, said E. S. Garten departed this life intestate, in said Gray county, Kansas; that said E. S. Garten at the date of his death was the apparent owner of said land as shown by the public records of said Gray county, Kansas, and, by reason of his death as aforesaid, said defendants as his only heirs at law apparently became the owners of said land; that by reason of the apparent descent of the title to said premises to said defendants, as the heirs at law of said E. S. Garten, there was cast upon plaintiff's title to said premises a cloud

46—80 KAN.

which hinders, obstructs and embarrasses her in the free use and transfer of said premises, which cloud she is entitled to have removed.

"That by reason of the premises as above set forth said defendants claim to have and are asserting some interest or estate in or to said premises adverse to plaintiff; but plaintiff avers that said defendants have no right, title, interest or estate in or to said premises, either jointly or severally, and that their claims to any estate or interest in or to said premises are wholly without right and are void.

"Wherefore, plaintiff prays judgment against said defendants that her title to said premises be confirmed and adjudged to be valid and perfect; that the interest and estate in or to said premises claimed by said defendants be adjudged to be without right and null and void; that said defendants and each of them and all persons claiming by, under or through them or any one of them since the commencement of this action be forever barred and enjoined from setting up or asserting any right, title, interest or estate in or to said premises or any part thereof adverse to plaintiff, her heirs and assigns; and for such other and further relief as shall be agreeable to equity and good conscience, and for costs of suit."

A demurrer to this petition, on the ground that it did not state facts sufficient to constitute a cause of action by the plaintiff against the defendants, was overruled. The defendants then answered. The case was tried to the court, without a jury. Judgment was rendered for the plaintiff, and the defendants complain.

No express trust is alleged in the petition. The statute of trusts and powers must be considered in determining whether the facts pleaded constitute a resulting trust in favor of the plaintiff. Section 6 of that statute reads:

"When a conveyance for a valuable consideration is made to one person and the consideration therefor paid by another, no use or trust shall result in favor of the latter; but the title shall vest in the former, subject to the provisions of the next two sections." (Gen. Stat. 1901, § 7880.)

Section 8 reads:

"The provisions of the section next before the last shall not extend to cases where the alienee shall have taken an absolute conveyance in his own name without the consent of the person with whose money the consideration was paid; or where such alienee in violation of some trust shall have purchased the land with moneys not his own; or where it shall be made to appear that by agreement and without any fraudulent intent the party to whom the conveyance was made, or in whom the title shall vest, was to hold the land or some interest therein in trust for the party paying the purchase-money or some part thereof." (Gen. Stat. 1901, § 7882.)

The third exception applies to this case. Paraphrasing the two sections, so far as applicable to this case, the statute provides: When it is made to appear that by agreement and without fraudulent intent a conveyance for a valuable consideration is made to one person and the consideration therefor is paid by another a trust results, if the grantee undertakes to hold the title in trust for the person paying the consideration. It will be observed that the petition alleges only that the plaintiff through her agent bought the land and furnished all the money for the purchase-price, and "the legal title thereto was taken in the name of said E. S. Garten, for the use and benefit of plaintiff." There is no allegation that an agreement was made without any fraudulent intent that Garten was to hold the land or any interest therein for the plaintiff. This is a fatal omission, and the demurrer should have been sustained. The statute requires that, to come within the third exception, this must be "made to appear." It can only be made to appear by evidence, and the petition should allege every fact necessary to be affirmatively proved to establish the cause of action. This is elementary law.

That the court erred in overruling the demurrer is clear, and had the defendants stood upon their demurrer the error would have compelled a reversal of

any judgment rendered against them. They, however, filed a verified answer, in which, after admitting the death of E. S. Garten and the heirship of the defendants, they denied all the other allegations of the petition and alleged that they were the absolute owners in fee simple of the land in question. This answer did not supply any omission of fact which should have been alleged in the petition, and the question presented is whether the error in overruling the demurrer was prejudicial to the defendants.

On the trial every living person who had anything directly to do with the transaction which resulted in the purchase of the land and the conveyance thereof to Garten was made a witness and was questioned and cross-examined with reference to the consideration paid for the land, for what purpose Garten received the deed of conveyance, and as to the good faith of the transaction. The defendants even introduced Emery, the grantor in the deed to Garten, for the only apparent purpose of proving that the conveyance was made with a fraudulent intent. The consideration to Emery for the conveyance was the payment or partial payment of a debt from him to one Vinson, and his evidence tended to show that Vinson did not take the title himself but had it conveyed to Garten for the purpose of hindering or delaying Vinson's creditors in the collection of their debts. Vinson, however, testified that he had paid all of his indebtedness, except that there was a suit pending against him for $500, which was withdrawn; that he told Emery that he owed his sister, the plaintiff, and wanted the land conveyed to Garten to hold for her. This is the only conflict in the evidence. The court evidently credited the testimony of Vinson, and we can not review the case as to the weight of the evidence, the decision of the court being supported by evidence as to this fact.

Had the demurrer been sustained the petition would presumably have been amended by supplying the

omitted facts, and the trial would have proceeded as it in fact did. The issue which the omitted facts would have tendered if they had been pleaded was in fact tried to all intents as fully as if the omission had not occurred. We can not, therefore, regard the error in the ruling on the demurrer as prejudicial to the defendants, but will consider the petition as amended in this particular, the only one in which it is contended that it was deficient.

On the trial the evidence of both Vinson and Emery was that they had been in partnership and upon dissolution and settlement Emery was indebted to Vinson, and that Emery conveyed this land to Garten in part payment of such indebtedness. According to the evidence of Emery, Garten was to hold the land for Vinson; according to the evidence of Vinson, Emery was to convey the land to Garten to be held for Mrs. Trobridge, the plaintiff, who was a sister of Vinson, in part payment of an indebtedness from Vinson to her. Both witnesses agreed that Garten paid nothing for the conveyance. To sustain the issues on her part the plaintiff offered in evidence the following letter:

"CIMARRON, KAN., September 2, 1905.

"*Mrs. Sarah E. Trobridge, Bideford, Devonshire, England:*

"DEAR MADAM—As your agent here for real estate and personal property which I am holding for you under arrangements with your brother, Charles T. Vinson, I beg to hand you below a schedule of the approximate value of same:

"One hundred and sixty acres of land, known as the Seaton place; has 100 acres in cultivation; good house of eight rooms; good barn, granary, well, etc. This property is ten miles south of Cimarron. Cash value, $2000.

"The northwest $\frac{1}{4}$, section 2, township 24, range 29; the northwest $\frac{1}{4}$ of section 9, township 24, range 28, both in Gray county, Kansas; the southeast $\frac{1}{4}$ of section 3, township 23, range 28, Finney county, Kansas. The last three quarter-sections are unimproved and worth jointly in the neighborhood of $1500.

"Twenty-four head of horse stock and their increase, worth in the neighborhood of $600. These lands and personal property, after consulting with Mr. Vinson, will be handled to the best possible advantage, and doubtless to your satisfaction.

"Respectfully yours,    (Signed)    E. S. GARTEN."

The real estate in controversy is a portion of the land described in this letter. The defendants admitted the signature of E. S. Garten to the letter, but objected to its introduction as evidence, first, because it purported to be a communication or transaction between the plaintiff and the deceased, and these defendants are the heirs at law and next of kin of the deceased; second, that it was not shown that the plaintiff accepted the instrument or agreed to or consented to it or acted upon it in any manner whatever; the third objection was made to the legal effect of the instrument; and a fourth that there was no evidence that the instrument was ever delivered to the plaintiff or received by her.

There was uncontradicted evidence that the letter had been mailed to the plaintiff by E. S. Garten and had been returned by Mrs. Trobridge to Vinson, and the effect of the instrument as a proposition of law need not be argued at this time, but will be considered in connection with the question whether the transaction amounted to a legal trust.

As to the first objection, the defendants claim that section 4770 of the General Statutes of 1901 excludes this instrument, and cite *Roach v. Roach,* 69 Kan. 522, in support of their contention. In that case it was simply decided that a party to a suit adverse to the heirs at law of a certain ancestor could not testify to a verbal contract between the witness and the ancestor in his lifetime. Indeed, the disqualification provided for in section 4770 runs to the witness, and not to the evidence. In this case the plaintiff was not a witness at all, and she is the only adverse party to the heirs. The signature of Garten to the letter is admitted, and the letter itself was the evidence offered. Section 4770 has

no application whatever to the question involved, nor have the cases cited by the defendants.

As to the second objection, there was uncontradicted evidence that Vinson had seen the letter before it was mailed; that he was with Garten and saw him mail it to the plaintiff; and that thereafter Vinson wrote to the plaintiff to return the letter to him, which she did. It was also shown that the plaintiff wrote her brother, Vinson, letters about the transaction, but such letters were not admissible on the part of the plaintiff and were not offered in evidence by her, and the defendants did not seek to have them produced, although there was evidence that they were in the possession of her attorney in court. In the absence of any other evidence, the bringing of this action is itself a ratification of the action of the plaintiff's brother in having the land conveyed to Garten and a sufficient assertion of the trusteeship of Garten for her. There was no error in the admission of the letter in evidence.

The defendants contend that by the deed from Emery to E. S. Garten, their ancestor, Garten acquired absolute title to the land, and that upon his death they inherited absolute title thereto under section 6 of the chapter relating to trusts and powers. (Gen. Stat. 1901, § 7880.) In support of this contention *Ingham v. Burnell*, 31 Kan. 333, 336, and *Gee v. Thrailkill*, 45 Kan. 173, are cited. In *Ingham v. Burnell* three persons paid an equal portion of the purchase-price of a tract of land and had it conveyed to one of the three. The court held that the transaction did not constitute an express trust, but in effect that the party receiving the conveyance held the land as a resulting trust for himself and the other two, and intimated that the plaintiff in that action could have maintained an action in partition for a portion of the land. In *Gee v. Thrailkill* a husband and wife, owners of certain land, conveyed it to another by warranty deed, with only a verbal understanding that the grantee might sell or mortgage

the property and pay the purchase-price or money so received over to the grantors. This court held that the verbal contract attempted to create an express trust, and that an express trust concerning real estate, to be valid, can be created only in writing. The latter case is not pertinent to the questions here involved; the former inferentially sustains the contention of the plaintiff herein.

In the early case of *Franklin v. Colley,* 10 Kan. 260, the provisions of the statute involved herein, which have not since been changed, were fully discussed and determined, and this decision has been cited in this court many times with approval, and has never been reversed. Paragraphs 1 and 2 of the syllabus read as follow:

"While section 8 of the act concerning conveyances, sections 5 and 6 of the act relating to frauds and perjuries, and section 1 of the act concerning trusts and powers, make void every parol agreement which attempts to create an estate in lands, yet said sections do not make void an estate which results from, or which is created by, operation of law.

"When it is made to appear that, by agreement, and without any fraudulent intent, the title to real property is made to or shall vest in one person, and that such person was to hold said land, or some interest therein, for the use and benefit of the party paying the purchase-money, or some part thereof, the law implies a trust in favor of the latter party, and the person so holding such title will be declared a trustee, and will be decreed to execute a conveyance of the land or interest so held to the party equitably entitled to the same. And in such case the said 'agreement' need not, nor need any part thereof, be in writing. Section 1, ch. 114, Gen. Stat., relating to 'Trusts and Powers,' providing that 'no trust concerning lands' 'shall be created unless in writing,' expressly excepts 'such as may arise by implication of law.' "

It is contended in this case that the plaintiff did not pay Emery the consideration for the conveyance of the land to Garten, but that the consideration for the conveyance of the land was the cancelation of a debt from

Emery to Vinson; hence that this case does not come within the exception. Technically this is true. It is too technical to meet the demands of equity. If A owed B one dollar and B owed C one dollar and C owed D the same amount, and all the parties mutually agreed that upon the payment of one dollar from A to D all of the debts should be satisfied, and A should accordingly make the payment to D, thereafter no one of the creditors could maintain an action against his debtor for the recovery of the one dollar which the latter had owed, although not one of the debtors had paid one dollar to his own creditor.

It is further correctly said that the evidence shows that the plaintiff was in England at the time and knew nothing of this arrangement, and could not have consented to it at the time of the conveyance of the land to Garten; and, further, that there is no evidence that she ratified the transaction. This is true, except that there is a presumption where a conveyance is made to a person without his knowledge and which is to his benefit that he accepts such conveyance, unless upon being notified thereof he promptly repudiates it. The bringing of this action is also conclusive evidence of a ratification of the arrangement at the time of the commencement of the action, and it relates back to the time of the making of the conveyance. There is, also, the further circumstance that Vinson testified that he had two or three letters from the plaintiff in regard to the matter which were in the possession of her attorney, who was in court. The plaintiff could not use her own letters in evidence, and the defendants omitted to demand the production of the letters that they might introduce them in evidence. It is a general rule that where one assumes to act for another, as did Vinson for the plaintiff in arranging that Garten should hold the land in trust for her, and the beneficiary is thereafter notified of the transaction and ratifies it, such ratification relates back to the time of the transaction. It is an

uncontroverted fact of this case that Garten, the father of the defendants, paid no consideration whatever for the conveyance of the land to him. By the conveyance he held only the bare legal title, and his letter shows he understood he was holding such title in trust for the plaintiff, and the defendants as his heirs by his death acquired no greater right to the land than he had. The trust imposed upon him was not an express trust, but was a trust resulting by the operation of law.

The judgment of the court accords with equity, both as to the heirs and as to Vinson, and is affirmed.