[Civ. No. 945. Second Appellate District.—July 12, 1912.]

## JOSEPH H. PARKER, Respondent, v. JAMES M. HERNDON, Appellant.

CONTRACT FOR INTEREST IN GROSS PROCEEDS OF SALE OF MINING CLAIMS— SERVICES OF MINING ENGINEER—ACTION FOR MONEY DUE—SUFFI-CIENT COMPLAINT.—A complaint alleging that plaintiff was an experienced mining engineer, and contracted with defendant that in consideration of his services, as such, in making a survey, map and technical report as to the quantity and value of the ore in mining claims of which defendant owned one-half, he would pay for the actual expense incurred, and that, upon the sale of his interest therein, or any part thereof, he would pay to plaintiff one-sixth of the gross proceeds of sale, and that defendant sold part of said claims, for an amount in excess of $10,000, the exact amount of which, and of the sum due and unpaid, he cannot state, and asks that the amount due be determined by the court, and for an interest in the unsold claims, states a cause of action to recover the amount found to be due for the claims sold.

ID.—APPARENT CAUSE OF ACTION FOR SPECIFIC PERFORMANCE OF CON-TRACT AS TO UNSOLD CLAIMS—WAIVER AND ABANDONMENT AT TRIAL —OBJECTION UPON APPEAL.—The objection upon appeal that the complaint also purported to state a cause of action for specific performance of an interest in the unsold claims, and that it is insuffi-

cient to justify such relief, if well founded, is answered by the fact appearing in the record, that plaintiff, at the trial, in open court, voluntarily waived and abandoned all right to the unsold portion of the property, and asked judgment only for one-sixth of the proceeds of the property sold. No demurrer having been interposed nor judgment rendered for specific performance, appellant will not be heard to object that the complaint did not entitle plaintiff to relief prayed for, but not granted.

ID.—ACTION NOT FOR AN ACCOUNTING BUT FOR BREACH OF CONTRACT.— The action, as shown by the record, is not for an accounting, but for breach of contract to pay a proportionate sum, which plaintiff is unable to state precisely for reasons alleged, and therefore asks the court to détermine the same and give judgment therefor.

ID.—CAUSE OF ACTION NOT BARRED BY STATUTE.—The cause of action to pay one-sixth of the gross proceeds of the mining interests sold has no relation to the time of rendition of the services rendered as mining engineer, and could not accrue until the date when the sale was made and the purchase money realized thereupon which was to be shared; and where the record is silent as to the date when the sale in question was made, and the purchase money paid thereon, it shows no bar of the cause of action by statute.

ID.—LETTERS LEADING TO ORAL CONTRACT.—Where the facts were that the plaintiff received a letter from the defendant before the services were rendered offering plaintiff one-sixth interest in the property if he would render the services required, which was accepted, and in a subsequent interview it was orally agreed that he would pay to plaintiff one-sixth of the gross receipts from sales of the property if he would render the services requested, which were rendered accordingly, the cause of action was not based upon the acceptance of the offer made by letter, but upon the parol contract which resulted when the parties were brought together.

ID.—FINDINGS TO BE LIBERALLY CONSTRUED TO SUPPORT JUDGMENT— ACCEPTED LETTERS—MODIFIED BY ORAL CONTRACT.—The findings are to be liberally construed to support the judgment, and where the court found that a written offer by defendant of one-sixth interest in the property for plaintiff's services to be rendered was accepted by letters, but that such letters led to an oral interview between them, in which it is found that it was expressly agreed that in consideration of the services to be rendered by plaintiff, defendant would pay him one-sixth of the proceeds of all sales, which was also found by the court, such oral contract, and not the letters, was properly made the basis of the judgment for the plaintiff.

ID.—CONFLICTING EVIDENCE IN PLAINTIFF'S TESTIMONY—PROVINCE OF TRIAL COURT.—Conceding a conflict on plaintiff's own testimony as to what there was to do, what he did, and when he completed his work, it was nevertheless for the trial court to reconcile his state-

ments, and unless manifestly without support, the findings made thereon should not be disturbed upon appeal.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Walter Bordwell, Judge.

The facts are stated in the opinion of the court.

H. C. Millsap, for Appellant.

Charles Lantz, and Walton J. Wood, for Respondent.

SHAW, J.—Action begun December 4, 1908. By the amended complaint, upon which the action was tried, it was alleged that plaintiff was an experienced mining engineer; that on January 1, 1904, defendant was the owner of a one-half interest in a number of mining claims in Riverside county; that he employed plaintiff to map, photograph and make a technical report as to the quantity and value of ore therein, and assist defendant in making sales of the property, in consideration of the performance of which service defendant agreed to give to plaintiff an undivided one-sixth of his interest in said property, and in case of a sale of any of the property to pay to plaintiff one-sixth of the gross proceeds of such sale; that plaintiff performed his part of the contract; that defendant did not convey to plaintiff any interest in the property; that he sold a number of the claims, but refused to pay to plaintiff any part of the proceeds thereof, or to pay him any sum whatever, except plaintiff's expenses incurred in the performance of the work; that the exact amount received by defendant for the property sold is unknown to plaintiff, but on information and belief alleged to be in excess of $10,000, and that there is due and unpaid to him a sum in excess of $1,266, the exact amount of which sum so due and unpaid plaintiff is unable to state. The prayer was for judgment for such an amount as might be found due plaintiff from the proceeds of the sales made by defendant, and a decree adjudging plaintiff the owner of a one-sixth interest in the property which defendant retained. By answer defendant denied the material allegations of the complaint and, in addition thereto, pleaded the statute of limitations as a bar to

any recovery upon the alleged agreement. The court found the issues, in so far as they affected plaintiff's right to one-sixth of the proceeds of the property sold, in his favor and gave him judgment therefor, from which, and an order denying his motion for a new trial, defendant appeals.

While the complaint is inartificially drawn and contains much matter of surplusage, it must, in the absence of demurrer, be construed as a sufficient statement of a cause of action to recover money alleged to be due upon the contract whereby defendant agreed to pay plaintiff one-sixth of the proceeds of the sale of property alleged to have been sold. It also purports to state a cause of action for the specific performance of the contract as to the unsold mining claims, an interest in which defendant retained.

Appellant attacks the complaint, claiming that, measured by the equitable rules applicable to cases involving specific performance, it is insufficient as a basis for the relief prayed for as to the unsold property, title to which was still vested in defendant. Conceding this to be true, a complete answer to the contention is that during the trial, in open court, plaintiff voluntarily abandoned all claim and right to the unsold portion of the property, and asked judgment only for one-sixth of the proceeds of the property sold. No demurrer being interposed and no judgment rendered against defendant decreeing specific performance, appellant will not be heard in an attack upon the complaint based upon the ground that it did not state facts entitling plaintiff to relief prayed for but not granted. Under such circumstances, he is in no position to complain. The case of *Prince* v. *Lamb*, 128 Cal. 120, [60 Pac. 689], cited by appellant, was one wherein an accounting was sought by plaintiff upon the theory that a copartnership existed between the parties. The court held the facts alleged insufficient to show a copartnership or any right to the relief claimed, and, hence, no facts were alleged entitling plaintiff to a decree for an accounting. The case at bar, as shown by the record, is not one for an accounting, but for simple breach of contract—plaintiff, alleging his inability, for reasons alleged, to state the exact sum due by reason thereof, asks the court to determine the same and give judgment therefor.

The cause of action was not barred by the statute of limitations (Code Civ. Proc., secs. 337, 343), affirmatively pleaded

by defendant. He introduced no evidence in support of the allegation, but claims that plaintiff's evidence shows the services were completed prior to April 22, 1904, and the original complaint was filed December 4, 1908. The covenant of defendant, however, was not to pay plaintiff upon completion of performance of the services, but, as found by the court, "to pay to plaintiff one-sixth of the gross receipts which said defendant should receive from the sale of defendant's interest in the property." Nothing, therefore, was due from defendant to plaintiff until the sale was consummated and the purchase money paid. The record is silent as to the date when the sale was made and the purchase money in the sum of $6,499.98 paid. For aught that appears, this sum may have been paid the day before the suit was brought. Moreover, there is a conflict of testimony as to the time when plaintiff completed his contract. It is further claimed that the finding that defendant should pay plaintiff one-sixth of the gross proceeds of the sale of the property is not supported by the evidence, for the reason that, in certain letters written plaintiff, who was then operating a mine in Kern county, defendant offered to give him a one-sixth interest in the property, and in response to these letters, and at the request of defendant, plaintiff came to Los Angeles, where, as he says, "We talked the proposition over, and I told him I wanted to have a thorough understanding of this thing. He said, 'Why, sure. Now, I will give you just according to my letters that I have written you. I will give you all the expenses for the trip, allowing you fifty dollars for the expenses of your family while you are gone up there, and I will give you a one-sixth interest of all that I receive on the property.' I said, 'Now, if there is any money to be paid on this, I do not care to go into it because it is too large a deal for me to tackle. I have not got the money.' He said, 'There is no money coming from you whatever. The thing is big enough. I know what it is and we can all clean up a fortune. I will give you one-sixth of the gross receipts if you will go down there and see that I do not get beat out of the property. I want you to go and make maps of the property, make photographs and conscientiously sample the ore.'" Plaintiff further testified that "the major part of the work, with the exception of endeavoring to help sell the property, was all done within a few

months, but I endeavored until the latter part of last year to help him sell the property.'' Appellant insists that this oral agreement was void for want of other consideration than the promise on the part of plaintiff to perform a duty already imposed upon him by an acceptance of defendant's offer made by letter to give him a one-sixth interest in the property, which fact he claims was found by the court. (*Sullivan* v. *Sullivan,* 99 Cal. 187, [33 Pac. 862].) If possible, findings are to be liberally construed in support of the judgment. (*Ames* v. *City of San Diego,* 101 Cal. 395, [35 Pac. 1005].) The finding that upon receipt of the letters, plaintiff accepted defendant's offer by letter and left his work in Kern county and came to Los Angeles, and there had a conversation with defendant in which it was agreed that defendant should pay him one-sixth of the gross proceeds of the sale, rightly construed, means that in response to letters plaintiff came to Los Angeles, where an oral contract was made, as found by the court. The parol contract, not the offer made by letter, which brought the parties together, constitutes the basis for plaintiff's right to recover. This was the theory upon which the trial court gave judgment for plaintiff. Conceding a conflict in plaintiff's own testimony as to what he was to do, what he did and when he completed his work, it was, nevertheless, for the trial court to reconcile his statements, and, unless manifestly without support, the findings made thereon should not be disturbed. Applying this rule, and recognizing the existence of such conflict, we are of the opinion that the attack upon the findings is without merit.

Judgment and order affirmed.

Allen, P. J., and James, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on August 10, 1912.