[Civ. No. 3360.   Third Appellate District.—November 22, 1927.]

J. W. STARKWEATHER, Respondent, v. F. J. EDDY, Appellant.

F. E. Davis, L. E. Dadmun and Davis & Dadmun for Appellant.

Thomas K. Case and G. M. Caldwell for Respondent.

PLUMMER, J.—Plaintiff had judgment in an action brought to recover the sum of $1,250 and also to recover 50,000 shares of the capital stock of the Minarets Mining Company. From this judgment the defendant appeals.

The record shows that the Minarets Mining Company was, at the date of the trial, a corporation, and had been such since the fifteenth day of November, 1916; that the plaintiff was engaged in the prosecution of mining upon certain mining premises belonging to him; that during the year 1917 the plaintiff engaged in negotiations with the Minarets Mining Company for the transfer to said mining company of the mining premises belonging to the plaintiff, for and in consideration of the sum of $5,000 in cash and 150,000 shares of the capital stock of the defendant corporation; that the defendant was the organizer and promoter of the defendant corporation and had received therefrom 100,000 shares thereof in his own name and 50,000 shares thereof in the name of his wife; that in consideration of the transfer by the plaintiff to the corporation of the premises above mentioned, the defendant, as the promoter and organizer of said corporation, had promised and agreed that he would undertake to raise a working capital of $10,000 for said corporation and also the $5,000 to be paid to the plaintiff, as above mentioned, as part of the consideration for the transfer by him of his property to said corporation; that the defendant stated and represented to the plaintiff that in order for him to succeed in raising such money it would be necessary to pay a commission, either of stock or cash, as might in particular cases be arranged with parties through whom cash subscriptions should be obtained, and that the commissions would be at the rate of twenty per cent, and that the defendant would pay the same out of his large holdings in the corporation; that is, that a stock commission of twenty per cent would be paid out of the 150,000 shares belonging to the defendant; that thereafter the de-

fendant represented and stated to the plaintiff that it was impossible to carry out the undertaking in full, and that he would be unable to pay or provide the corporation the means of paying plaintiff the agreed cash consideration of $5,000 for the transfer of plaintiff's property, in addition to the shares of stock to be issued to the plaintiff in said corporation, and that the defendant could not pay the cash commissions on stock sales, whereupon the plaintiff agreed, at the defendant's instance and request, that one-half of all moneys received by him from said corporation as said purchase price of his property, might be used by defendant for such purpose, should it be found necessary to so use it, and also that plaintiff, at defendant's special instance and request, on account of defendant's alleged inability to raise the money he had undertaken and agreed to do, agreed that the plaintiff would accept from the corporation $2,500 in full satisfaction of its undertaking to pay him $5,000 for the transfer of property herein referred to; that thereafter the defendant represented to the plaintiff that 150,000 shares of the treasury stock had been subscribed and paid for in accordance with the previous agreement between the defendant and the plaintiff, and that it was necessary for plaintiff to assign and set over, out of his stock holdings, shares necessary to pay such stock commissions of twenty per cent thereon; that the plaintiff had no information or means of obtaining information as to what it had done, and implicitly trusted in the truth of defendant's statements, and relying thereupon, acted upon them, and did transfer and set over to the defendant a certificate of stock for 50,000 shares of plaintiff's interest in said corporation. The plaintiff further alleges that out of the $2,500 received by the plaintiff from the corporation, upon the representations of the defendant that it was necessary for him to use the said sum of $1,250 thereof in payment of commissions, turned over to the defendant and paid to the defendant the sum of $1,250. The plaintiff further sets forth that the defendant did not use such $1,250 in the payment of commissions, as represented by him, but obtained and used the same for his own personal advantage and benefit. The complaint also further sets out that the defendant had not used the stock assigned to him for promotion purposes in payment of stock commissions for the sale of treasury stock,

but had retained the same for his own use and benefit, and had transferred and used the 50,000 shares of the capital stock of said corporation, obtained from the plaintiff, in payment of claims upon the corporation, instead of using his own stock, as theretofore agreed upon. We have not followed the exact language of the complaint, but have summarized the matters in controversy. The action is to recover the money and also the stock.

. No demurrer, either general or special, was filed by the defendant. An answer was filed, however, denying practically all of the allegations of the complaint.

■ Upon the cause being called for trial, the defendant objected to the court receiving any evidence in support of the allegations of the complaint, on the ground that it does not state facts sufficient to constitute a cause of action. The objection does not appear from the record to have been specifically made, but the remarks of the court indicate that it so understood the objection, and it will be so considered by us. The objection made in the trial court did not point out any reasons why the complaint failed to state facts sufficient to constitute a cause of action, and the specific reasons therefor appear to be first urged upon this appeal. The court having overruled the objection, the defendant then interposed a motion to strike out certain portions of the appellant's complaint. The motion to strike out was made upon the ground that the portions sought to be stricken out were either conclusions of law, evidentiary, redundant, or immaterial matters. An examination of the complaint leads to the conclusion that some portions thereof are subject to the objections raised by the defendant's motion, but the denial thereof by the trial court does not raise any serious question upon this appeal. After a trial has been had where each party has had an opportunity to present evidence upon all the issues tendered by the pleadings, the mere fact that a pleading contains irrelevant or immaterial or redundant or evidentiary matters does not present a cause for a reversal by reason of the court denying a motion to strike out such portions of a pleading. Section 4½ of article VI of the state constitution covers just such questions. But outside of the state constitution the following principles of law have been established by the decisions, to wit: [2] Where substantial justice has been

done, a judgment will not be reversed for technical defects in the pleadings. The overruling of a motion to strike out, where prejudice is not shown, does not present a ground for reversal. Defects in pleadings must operate to the prejudice of the opposite party; otherwise, denial of a motion to strike presents no cause for reversal. These statements are supported by the following authorities: *Petit* v. *Forsyth*, 15 Cal. App. 149 [113 Pac. 892]; *Carrington* v. *Smithers*, 26 Cal. App. 460 [147 Pac. 225]; *Parker* v. *Herndon*, 19 Cal. App. 451 [126 Pac. 183]; *Montgomery Street Ry. Co.* v. *Mason*, 133 Ala. 508 [32 South. 261]; *Sloane* v. *Southern California Ry. Co.*, 111 Cal. 668 [32 L. R. A. 193, 44 Pac. 320]; *Higgins* v. *San Diego Savings Bank*, 129 Cal. 186 [61 Pac. 943].

Again, as stated in *Garton* v. *Trobridge*, 80 Kan. 720 [104 Pac. 1067], a trial having been had without the interposition of a demurrer, the omission of a material fact in the complaint is cured by the judgment. A somewhat similar question was presented to this court in the case of *Young* v. *Benton*, 21 Cal. App. 382 [131 Pac. 1051], where this court, speaking through Mr. Justice Burnett, said: "There is thus some plausibility in the claim of uncertainty as to the theory upon which the complaint was framed, but it is entirely clear that appellant was not misled nor prejudiced thereby, and if we assume that the ruling was erroneous as to the demurrer, the case should not be reversed after a full trial upon its merits." That was a case where a demurrer was interposed, calling attention to the alleged defects. In the case at bar no demurrer was interposed. A denial, as we have shown, of a motion to strike out surplusage or redundant matter is not a ground for reversal, and if the complaint was technically deficient as to some of its allegations, where the cause has been tried upon its merits and no prejudice is shown, we must hold that no reasons are presented for reversal. As bearing upon the question of whether a reversal of a judgment should be had under such circumstances, the language of the supreme court in *Christerson* v. *French*, 180 Cal. 523 [182 Pac. 27], is pertinent. It was there said: "It is well established that a judgment is not void if the court has jurisdiction of the parties and of the subject matter, irrespective of whether or not the complaint states a cause of action, so long as it apprises the defendant of

the nature of the plaintiff's demand." After citing a large number of cases, the court further adds: "We think the complaint herein sufficiently states a cause of action to inform the defendant of the nature of the claim against him, and to give jurisdiction of the cause." In the case at bar the complaint is sufficient to inform the defendant of the following claims: That the defendant had obtained from the plaintiff the sum of $1,250, to be applied for a particular purpose; that the money was not applied for that purpose; that the defendant converted the money to his own uses and purposes; that the defendant obtained from the plaintiff a certificate for 50,000 shares of the capital stock of the Minarets Mining Company, under the pretense that he had used all of his own stock, and required this stock from the plaintiff in order to enable the corporation to pay commissions for the sale of stock, and for which payment the defendant had agreed to use a like number of shares of his own stock; that the defendant had not used his own stock, and that he was obtaining the stock from the plaintiff in order that the defendant might retain and have the use and advantage, and retain the ownership of all of the stock theretofore issued to the defendant. The failure to comply with the representations made by the defendant, the converting of the $1,250 to his own uses and purposes, instead of using the same for the purposes represented by him to the plaintiff, constituted a fraud, just as much as though specifically alleged in the complaint. The elements of a fraudulent transaction are shown by the circumstances, even though it be true that the specific allegations do not sufficiently appear in the complaint, and that the complaint would have been subject to a special demurrer upon such grounds. That such is a settled rule of law in this state requires but one citation. In *Minor* v. *Baldridge*, 123 Cal. 187 [55 Pac. 783], it was held, quoting from the syllabus: "The common counts in *assumpsit* may be used in this state, and in the absence of a special demurrer, the common counts for money had and received will lie to recover money obtained by false and fraudulent representations and the proof may be made at the trial that it was so obtained, without any special pleading of the facts constituting a fraud, though such pleading must fall before a special demurrer." This decision was rendered in 1898

prior to the adoption of the amendment to the state constitution prohibiting reversal of judgments upon errors committed in ruling upon demurrers or motions which do not result in a miscarriage of justice. Again, the appellant states that "the trial court proceeded on the theory that the action was based upon fraud throughout the entire trial." If this is true, it adds just one more reason why no reversal should be ordered herein on account of any defect in the pleadings relative to such allegations, because the defendant was at all times advised of the position of the court and of the issues he was expected to meet.

██ The appellant further urges that the findings of fact are not sustained by the pleadings or the evidence. The only assignment of error in this particular appears in appellant's brief in the following general language, without the citation of evidence one way or the other to sustain the contention. The assignment is as follows: "The court also found that defendant Eddy had offered and agreed to pay out of his stock holdings, commissions on sale of stock, and for other purposes, long prior to securing from plaintiff the assignment of said certificate No. 53 for 50,000 shares. Again, appellant disagrees with the court in its findings, for in the opinion of appellant the evidence offered is insufficient to support such finding, and if the evidence was sufficient to support such a finding, such a finding was and is outside of the issues." Appellant has just stated the theory upon which the cause was tried. As shown by the case of *Taylor* v. *Taylor*, 192 Cal. 71 [218 Pac. 756], issues which arise from the evidence and which are not directly made by allegations in the pleadings, should be found upon. Appellant is mistaken in urging this ground as a cause for reversal. ██ It has been frequently held that where a cause is tried upon the theory that certain facts are in issue, after judgment the cause will be considered as though such issues were correctly tendered by the pleadings. Again, in *Worth* v. *Worth*, 155 Cal. 599 [102 Pac. 663], the supreme court of this state has held: "An objection that the evidence is not sufficient to warrant certain of the findings of fact cannot be considered on appeal, when the record on appeal utterly fails to make any attempt to show any specifications of any particulars wherein the evidence was insufficient." While nothing is pointed out by the appellant

to sustain his contention that the findings are not supported by the evidence, we have taken occasion to read all of the evidence set forth in the appendix to appellant's opening brief, and find therein sufficient testimony, if believed by the trial court, to sustain all of its material findings. There is sufficient testimony to show clearly, if believed by the trial court, that the defendant obtained from the plaintiff the sum of $1,250 under the pretense that he was going to use it for a particular purpose, and converted the same to his own use, and that the same is true with regard to the 50,000 shares of stock. That the defendant upon the witness-stand controverted all the testimony given by the plaintiff is immaterial upon this appeal. We may state, however, that the defendant's denial was not that he did not receive the money, but that it was advanced to him by the plaintiff as a loan, and that he paid it all back. The testimony as to the stock stands upon no more stable foundation so far as the defendant is concerned.

The judgment of the trial court is affirmed.

Finch, P. J., and Hart, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 19, 1928.

All the Justices concurred.